**489·15**

No. 01-13-00593-CR

IN THE

Court of Appeals

For The

First District of Texas

ORIGINAL

Bobby Dewayne Evans,
Appellant

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 27 2015

Abel Acosta, Clerk

VS.

The State of Texas,
Appellee

On Appeal From The Criminal District Court
Of Jefferson County, Texas
Cause No. 12-14438

FILED IN
COURT OF CRIMINAL APPEALS

MAY 01 2015

Abel Acosta, Clerk

Appellant's Brief

Submitted By:

Appellant Bobby D. Evans
Defendant
Stiles Unit
3060 F.M. Road 3514
Beaumont Texas 77705
TDCJ # 05669758,
April 29, 2015

## STATEMENT OF THE CASE

APPELLANT BOBBY DEWAYNE EVANS WAS INDICTED IN CAUSE NO. 12-14438 FOR AGGRAVATED ROBBERY UNDER TEXAS PENAL CODE SEC. 29.03. FOR AN OFFENSE ALLEGEDLY OCCURRED MARCH 30, 2012. EVANS JURY TRIAL IN THE JEFFERSON COUNTY CRIMINAL DISTRICT COURT OCCURRED BETWEEN MAY 20-22, 2013. HONORABLE JUDGE JOHN B. STEVENS PRESIDING, WITH APPELLANT BOBBY DEWAYNE EVANS BEING FOUND GUILTY. ON JUNE 17, 2013, HONORABLE JUDGE JOHN B. STEVENS SENTENCED APPELLANT BOBBY DEWAYNE EVANS TO 50 YEARS IN TDCJ WITH A CLAIM FINDING OF USE OF A DEADLY WEAPON (WITHOUT A FIRE ARM) BUT NO WEAPON EVER PRESENTED IN TRIAL (CR, I:103). A WRITTEN NOTICE OF APPEAL WAS FILED ON JUNE 17, 2013 (CR, I:114). A MOTION FOR NEW TRIAL WAS FILED ON JULY 9, 2013 (CR, I:118), AND AN ORDER DENYING MOTION WITHOUT A HEARING WAS ENTERED ON JULY 12, 2013 (CR, I:140). A REQUEST FOR FINDINGS OF FACT AND CONCLUSION OF LAW WAS FILED ON JUNE 25, 2013 (CR, I:117). A MOTION TO ABATE THE APPEAL AND REMAND FOR SUCH FINDINGS WAS FILED IN AUGUST, 2013. NO RESTITUTION WAS ORDERED. APPELLANT BOBBY DEWAYNE EVANS WAS ARREST IN THIS CASE JUNE 19, 2012 AND INDICTED FROM SOMETIME JUNE 19, 2012 TO AUGUST 05, 2012 IN CAUSE NO. 12-14438. APPELLANT BOBBY DEWAYNE EVANS TRIAL WAS UNFAIR AND ASSISTANCE COUNSEL'S WAS VERY INEFFECTIVE COUNSEL BECAUSE OFFICER VAUGHN NEVER ARRESTED BOBBY DEWAYNE EVANS FOR AN AGGRAVATED ROBBERY UNDER TEXAS PENAL CODE SEC. 29.03. MARCH 30, 2012 OR JUNE 19, 2012. APPEARS AT CLERK'S RECORD, I:126), THAT OFFICER VAUGHN ARRESTED EVANS FOR MARI-HUANA CHARGES MARCH 29, 2012.

V.

"MY TRIAL WAS UNFAIR AND MY COUNSEL WAS VERY INEFFECTIVE BECAUSE HE FELL ASLEEP DURING THE TRIAL ON MY CASE" MAY 22, 2013." TRIAL COURT COUNSEL, GAYLYN COOPER WAS COURT APPOINTED APRIL 6, 2013 TO REPRESENT APPELLATE BOBBY DEWAYNE EVANS IN CAUSE No. 12-14438. TRIAL COURT COUNSEL GAYLYN COOPER, SBN #04774700 KNEW VERY LITTLE ABOUT MY CASE FROM APRIL 6, 2013 UNTIL MAY 20-22, 2013. MY TRIAL WAS UNFAIR AND MY COUNSEL TOO BUSY TO HEAR ME ON THE CAUSE No. 12-14438 OR EVEN CARE TO TALK WITH ME ▓▓▓▓▓▓▓▓▓ ABOUT TRIAL.

I ADMIT THAT I HAVE NO EXPERIENCE IN A COURTROOM BUT I KNOW THAT MY TRIAL WAS UNFAIR AND MY COUNSEL'S WAS VERY INEFFECTIVE TO SHOW MY INNOCENCE CAUSE No. 12-14438 BECAUSE BEFORE TRIAL MAY 22, 2013, I WAS ASKING THE TRIAL COURT ASSISTANCE COUNSEL GAYLYN COOPER TO REQUEST TO THE TRIAL JUDGE FOR AN EXTENSION TO BE ABLE TO PREPARE HIMSELF FOR MY CASE BEFORE A TRIAL. ▓▓▓▓▓▓

THE ASSISTANCE COUNSEL GAYLYN COOPER ▓▓▓ TOLD ME ONLY WHAT I WANTED TO HEAR BY SAYING THAT HE WOULD REQUEST THE JUDGE TO GRANT THE EXTENSION FOR MORE TIME TO PREPARE IN MY TRIAL TO COME. THE ASSISTANCE COUNSEL TOLD ME TO GO TO MY HOUSE AT 887 WASHINGTON BLVD APRIL 6, 2013, TO WRITE ALL THAT HAPPEN FOR CAUSE No. 12-14438. MY GIRLFRIEND WHO IS THE WITNESS WAS ALSO WITH ME AT ASSISTANCE COUNSEL GAYLYN COOPER OFFICE IN BEAUMONT TEXAS ADDRESS 1104 ORLEANS STREET. WHICH IS ONE BLOCK AWAY FROM THE COURT HOUSE IN BEAUMONT.

AFTER APRIL 6, 2013 I ONLY SAW ASSISTANCE COUNSEL GAYLYN COOPER THREE OTHER TIMES FROM APRIL 6, 2013 AND MAY 22, 2013. I WAS ABLE TO GIVE THE ASSISTANCE COUNSEL THE PAPER WORK HE TOLD ME TO PUT IN WRITING AS WELL AS MY GIRLFRIEND PENZALLA WINSTON BUT AFTER HE RECIEVED THE PAPER FROM US I NEVER COULD CATCH UP WITH THE ASSISTANCE COUNSEL GAYLYN COOPER BETWEEN APRIL 6, 2013 AND MAY 20-22, 2013 AT TRIAL. IN THE MIDDLE OF THE MONTH OF APRIL, I HAD REQUEST THE ASSISTANCE COUNSEL GAYLYN COOPER TO FILE MY MOTION'S TO SUPPRESS AND MY MOTION TO DISCOVERY: THAT I BRING FROM THE JEFFERSON COUNTY JAIL WHEN I BOND OUT ON A $30,000 DOLLAR BOND.

THE ASSISTANCE COUNSEL TOLD ME HE HAVE ALREADY FILED THE MOTION'S FOR EVERYTHING THAT I REQUESTED AND HE EXPLAIN TO ME THAT HE "HAVE" THE VIDEO RECORDING ASWELL AS THE AUDIO TAPE(S) AND HE SAID THAT HE HAVE ALL THE PAPER APRIL 16, 2013.

I EXPLAINED TO THE ASSISTANCE COUNSEL'S IN MY WRITTEN LETTER HE REQUESTED FROM ME AND MY GIRLFRIEND PENZALLA WINSTON BETWEEN THE MIDDLE MONTH OF APRIL 14, 2013.

I EXPLAINED TO THE ASSISTANCE COUNSEL THAT ON MARCH 29, 2012 I WAS ARRESTED BY OFFICER VAUGHN FOR OUTSTANDING WARRANTS AS WELL AS MY GIRLFRIEND ARRESTED BY THE SAME OFFICER MARCH 29, 2012. I COULD ONLY WRITE AND EXPLAIN MARCH 29, 2012 TO THE ASSISTANCE COUNSEL GAYLYN COOPER TO HELP HIM UNDERSTAND THAT I NEVER EVER WAS ARRESTED BY OFFICER VAUGHN MARCH 30, 2012 OR EVER BEFORE A JUDGE MARCH 30, 2012 INSIDE JEFFERSON COUNTY JAIL AT ANY TIME BEING CHARGED WITH AN AGGRAVATED ROBBERY. I WAS ARRESTED BY OFFICER VAUGHN ON A MARIHUANA WARRANT AND WINSTON WERE ARRESTED ON AN OUTSTANDING CITY TRAFFIC WARRANT MARCH 29, 2012 AT 5:43 P.M. ... APPEARS AT CLERK'S RECORD, I:126.) IN BEAUMONT TEXAS. THE CLERK'S RECORD 1:126 IS A PROVEN FACT THAT ▓▓▓▓▓▓ EVANS AND WINSTON WAS INCARCERATED IN JEFFERSON COUNTY JAIL MARCH 29, 2012 AND WAS SEARCHED INSIDE JEFFERSON COUNTY JAIL WHILE AT THE BOOKIN DEST AT 8:16 P.M. MARCH 29, 2012 AND NEVER WAS RELEASED UNTIL MID-APRIL 13, 2012 A.M.

IN MY DEFENSE I WROTE AND TOLD THE ASSISTANCE COUNSEL ABOUT MARCH 29, 2012 THERE WERE (3) WITNESSES AS TO WHAT HAPPEN AT 887 WASHINGTON BLVD MARCH 29, 2012; ASWELL AS TWO OTHER OFFICERS AND ONE OFFICER NAME IS OFFICER VAUGHN THE ARRESTING OFFICER MARCH 29, 2012. APPELLANT; BOBBY DEWAYNE EVANS AND MY GIRLFRIEND, PENZALLA I. WINSTON (BOTH ▓▓ WERE YOUNG AT THE TIME); I WAS (31) AND SHE (27) YEARS OF AGE. MARCH 29, 2012.

MARCH 29, 2012 THERE WAS INSUFFICIENT EVIDENCE THAT I COMMITTED ANY THEFT (OR ATTEMPTED THEFT) FROM MR. ROBINSON MARCH 29, 2012. INFRONT OF OFFICER VAUGHN WHILE INTERGATION. AT (AR. III:57, 1.12, MARCH 29, 2012 MR. ROBINSON TOLD OFFICER VAUGHN

(1)

(2)

AT 5:40 P.M. THAT I TOOK $300 DOLLARS FROM HIM MARCH 29, 2012 WHILE GETTING INSIDE AN EMS-HOSPITAL VAN ON HIS WAY TO THE HOSPITAL BECAUSE I WENT WITH MY GIRLFRIEND TO THE POLICE ON ROBINSON ABOUT HIS FALSE REPORTS THAT HE WAS CALLING IN ON ME FROM MARCH 23, 2012 TO THE ███ BEAUMONT POLICE DEPARTMENT. THE FIRST FALSE REPORT ROBINSON CALLED THE POLICE ON ME WAS AT MID-NIGHT 12:40 AM MARCH 23, 2012 AND I HAD TO EXPLAIN TO THE DEPUTY THAT ROBINSON DOES NOT LIVE AT MY ███ RESIDENCE, INSTEAD, HE WAS HAVING A WATER LEAK PROBLEM WITH HIS PLACE AND THAT HIS LANDLORD (WHICH IS ONLY MY FRIEND AND NOT MY LANDLORD) ASK ME TO ALLOW ROBINSON TO STAY FOR TWO WEEKS UNTIL SHE GET THE LEAK FIX AT HER PLACE WHERE MR. ROBINSON ORIGINALLY LIVE PASS MAJOR DR. ON WASHING-███TON BLVD. "NOT AT 887 WASHINGTON BLVD."

I ADMIT I KNEW NOTHING OF ROBINSON UNTIL MY FRIEND MARY SPIKES ASKED ME TO HELP HER GET HIM A PLACE OF SHELTER AT MY PERSONAL PLACE (887 WASHINGTON BLVD.).

I ALLOW HIM TO BE AT MY PLACE FOR TWO WEEKS ONLY AND ROBINSON CAME TO MY PLACE AT 887 WASHINGTON BLVD MARCH 16, 2012 AT MID-NIGHT 1:32 AM.

MY TRIAL WAS UNFAIR AND MY COUNSEL WAS VERY INEFFECTIVE BECAUSE I EXPLAIN THIS TO THE ASSISTANCE COUNSEL THE BEST OF MY ABILITY APRIL 14, 2013 THAT ON MARCH 29, 2012 I WAS INCARCERATED AND TO GET THE PAPER WORK TO PROVE INNOCENCE IN CAUSE NO. 12-14438 BY PRESENTING THE DISTRICT CLERK'S RECORD, OR CLERK'S RECORD, I:126.)

THE ASSISTANCE COUNSEL GAYLYN COOPER TOLD ME THAT HE ALSO HAVE THAT PAPER AS WELL. MARCH 29, 2012 AT 5:43 P.M. EVANS AND WINSTON WAS ARRESTED BY OFFICER VAUGHN AT 5:43 P.M MARCH 29, 2012 APPEARS AT CLERK'S RECORD I:126

MY TRIAL WAS UNFAIR AND MY COUNSEL WAS VERY INEFFECTIVE BECAUSE I ASK THE COUNSEL TO ARGUE THE INDICTMENT BECAUSE I NEVER TALKED TO OFFICER VAUGHN ON MARCH 30, 2012 AT NO TIME MARCH 30, 2012 NOR WAS I ARRESTED BY OFFICER VAUGHN MARCH 30, 2012 FOR AGGRAVATED ROBBERY NOR QUESTIONED BY OFFICER VAUGHN AT THE JEFFERSON COUNTY JAIL AT NO TIME MARCH 30, 2012. HE DID NOT COME TO THE JEFFERSON COUNTY JAIL TO EVEN QUESTION ME NOR MY GIRLFRIEND MARCH 30, 2012.

(3)

MY TRIAL WAS UNFAIR AND MY COUNSEL WAS VERY INEFFECTIVE BECAUSE AFTER I EXPLAINED THIS TO THE ASSISTANCE COUNSEL HE TOLD ME HE WOULD LOOK INTO ALL THAT I EXPLAINED TO HIM AND TOLD ME TO COME BACK APRIL 16, 2013. THE ASSISTANCE COUNSEL WAS NEVER SHOWING ME THE VIDEO AUDIO RECORDING OR PAPER'S, INSTEAD, HE SAID THAT HE SAW THE OFFICER AUDIO TAPE(S) AND THAT I AM TELLING THE TRUTH. AFTER THE ASSISTANCE COUNSEL TOLD ME THESE THINGS I HAND DELIVERED TO THE ASSISTANCE COUNSEL MY UTILITY BILLS AT MY OWN PLACE OF LIVING (887 WASHINGTON BLVD). APRIL 16, 2013 TO ALSO HAVE HIM TO PROVE THAT I PAY MY OWN BILLS AT 887 WASHINGTON BLVD BEAUMONT TEXAS 77705. AND THAT I ALSO LIVED ALONE AND MR. ROBINSON WAS ONLY A GUEST THAT CALLED THE POLICE ON ME EVERY TIME I HAD SEX WITH MY GIRLFRIEND (MARCH 23, 2012 UNTIL MARCH 29, 20 APPEARS AT CLERK'S RECORD, I:126 BEAUMON

THE DIST. CLERK: LOLITA RAMOS
1001 PEARL STREET STE. 203
BEAUMONT TEXAS 77701

THIS ADDRESS IS WHERE THE PAPER WORK IS LOCATED TO PROVE FACTS BECAUSE I ███ HAVE 50 YEARS FOR A CRIME THAT I NEVER EVER COMMITTED MARCH 29, 2012 OR MARCH 30, 2012 NOR ANY DAY OF MY LIFE.

MY TRIAL COURT ASSISTANCE COUNSEL WAS VERY INEFFECTIVE BECAUSE HE FELL TO ARGUE THE ERRORS IN MY INDICTMENT SUCH AS THE DATES MARCH 28, 2012 WHEN I WAS LOCKED UP AND MARCH 30, 2012, 1:28 A.M. I WAS BEFORE THE JUDGE IN JEFFERSON COUNTY JAIL BEING TOLD THAT I WAS IN FOR A MARIHUANA WARRAN AND IF I NEED AN ATTORNEY OR WOULD I GET MY OWN MARCH 30, 2012, ON THE MARIHUANA ONLY.

MY TRIAL WAS UNFAIR AND MY COUNSEL WAS VERY INEFFECTIVE BECAUSE HE NEVER ARGUED THE TIMES OR EVEN ASK OFFICER VAUGHN ABOUT HIM ARRESTING ME MARCH 29, 2012 AT 5:43 P.M. MY TRIAL WAS UNFAIR AND MY COUNSEL WAS VERY INEFFECTIVE BECAUSE I WROTE AND EXPLAINED TO HIM ABOUT OFFICER VAUGHN AND MR. ROBINSON ON MARCH 29, 2012 AND NOT ABOUT MARCH 30, 2012, THIS MUST BE OBJECTED TO PRIOR TO TRIAL. TEXAS CODE CRIMINAL ███████ PROCEDURE ARTICLE. 1.14 (B) THIS IS FALSE ARREST MARCH 30, 2012 TO AGGRAVATED ROBBERY AND A VOID INDICTMENT WHICH THE

(4)—(5)

TRIAL ASSISTANCE COUNSEL STATED WITH "ZEAL" HE WOULD MENTION TO THE GRAND JURY BUT HE NEVER OBJECTED TO THE ERRORS OF THE DATES ON THE VOID INDICTMENT, NOR THE CHARGE, OR MENTION ANY OF THIS TO ARGUE.

MY TRIAL WAS UNFAIR AND MY COUNSEL WAS VERY INEFFECTIVE BECAUSE I WAS ALREADY INCARCERATED BEFORE MARCH 30, 2012.

MARCH 29, 2012 AT 5:20 P.M. THERE WERE (3) WITNESSES AS TO WHAT HAPPENED AT 887 WASHINGTON BLVD BEAUMONT TEXAS 77705. MARCH 29, 2012: BOBBY DEWAINE EVANS; HIS GIRLFRIEND, PENZALLA WINSTON; AND COMPLAINANT THE FIRST (2) MARCH 23, 2012 AND MARCH 29, 2012 CONSISTENTLY SHOW THAT COMPLAINANT WOULD LIE OR EXAGGERATE TO HAVE HIS WAY APPEARS AT CLERK'S RECORD, I: 126.) MARCH 23, 2012, COMPLAINANT WAS ALREADY ALLEGING "THEFT" AGAINST BOBBY DEWAINE EVANS UNTIL MARCH 29, 2012 TO BEAUMONT POLICE DEPARTMENT. A BASIC EXAMPLE OF THIS WAS THAT EVANS AND HIS GIRLFRIEND WINSTON HAD LIVED ALONE IN A FIVE BEDROOM HOUSE; ONE KITCHEN, TWO BATHROOMS ONE ON THE LEFT SIDE OF THE HOUSE AND THE OTHER ON THE RIGHT SIDE OF THE HOUSE AT 887 WASHINGTON BLVD BEAUMONT TEXAS 77705. BOBBY DEWAYNE EVANS FOR ONE AND ONE-HALF YEARS BEFORE ALLOWING COMPLAINANT TO STAY FOR TWO WEEKS MARCH 16, 2012 UNTIL MARY SPIKES FIX HIS WATER LEAK AT HIS PLACE PASS "MAJOR DR." WHERE HE AND MARY SPIKES LIVE (RR, III: 130, 1. 1-3).

BECAUSE COMPLAINANT HAD FILED A COMPLAINT WITH THE CITY OF BEAUMONT IN THE MONTH OF FEBRUARY AGAINST HIS ████ LANDLORD PASS "MAJOR DR." WHERE THE COMPLAINANT LIVE ON MARY SPIKES PERSONAL RESIDENCE, MARY SPIKES, ABOUT WATER LEAKING COME TO EVANS FOR HELP TO HOUSE COMPLAINANT FOR ONLY TWO WEEKS. BOBBY DEWAYNE EVANS HELPED HIS FRIEND MARY SPIKES WITH HER "HOMELESS" COMPLAINANT: WHOM BOBBY DEWAYNE EVANS DID NOT KNOW OTHER THAN HIS FRIEND MARY SPIKES ASKING BOBBY DEWAYNE EVANS TO OPEN HIS DOOR'S TO A STRANGER FOR TWO WEEKS AT EVANS HOME AT 887 WASHINGTON BLVD BEAUMONT TEXAS 77705 MARCH 16, 2012 1:26 AM...
SUCH MANIPULATION BY COMPLAINANT DID NOT STOP FROM MARCH 23, 2012 UNTIL MARCH 29, 2012

(4) - (5)

AND IS WHY THERE IS INSUFFICIENT EVIDENCE OF "THEFT" MARCH 23, 2012 AND MARCH 29, 2012 ASWELL AS MARCH 30, 2012, OR INSUFFICIENT EVIDENCE THAT ANY ARREST WHILE ASSULT OCCURRED IN THE COURSE OF COMMITTING "THEFT" OR ATTEMPTED "THEFT" MARCH 29, 2012 AND EVEN MARCH 30, 2012.
FOR EXAMPLE, COMPLAINANT NEVER MENTIONED IN TRIAL MAY 22, 2013 OR INFORMED ANYONE AT TRIAL THAT HE HAD BEEN CALLED IN ON BOBBY DEWAINE EVANS AN EARLIER FALSE "THEFT" COMPLAINTS TO BEAUMONT POLICE DEPARTMENT ON MARCH 23, 2012 AT 1:26 A.M CLERK'S RECORD, I: 125-126).
(MARCH 29, 2012 CALL-OUT SHEET AT CLERK'S RECORD I: 126 WAS ALSO NEVER DISCLOSED TO ASSISTANCE COUNSEL GAYLYN COOPER.)
"MAY 22, 2013"
AND, ALTHOUGH BOBBY DEWAINE EVANS AND PENZALLA WINSTON LEFT SOON AFTER WHATEVER INCIDENT OCCURED ON MARCH 29, 2012 TO WALK TO THE BEAUMONT POLICE STATION MARCH 29, 2012, PENZALLA NEVER SAW BOBBY WITH ANY BELONGINGS OF COMPLAINANT AND OFFICER VAUGHN NEVER SAW ANY BELONGINGS OF COMPLAINANT WITH EVANS MARCH 29, 2012, AS HAD BEEN ADMITTED BY OFFICER VAUGHN, MS. WINSTON, EVANS, AND COMPLAINANT:
"MAY 22, 2013" AT TRIAL ...
MARCH 29, 2012 OFFICER VAUGHN NEVER SAW ANY BLOOD ON BOBBY DEWAYNE EVANS MARCH 29, 2012, ASWELL AS MS. WINSTON MARCH 29, 2012, WHEN OFFICER VAUGHN ARRESTED EVANS AND WINSTON FOR OUTSTANDING WARRANT(S) OTHER THAN AN AGGRAVATED ROBBERY:
"MARCH 29, 2012."
MARCH 29, 2012 OFFICER VAUGHN NEVER SAW BOBBY DEWAYNE EVANS WITH ANY BELONGINGS OF COMPLAINANT MARCH 29, 2012, BUT DID TESTIFY COMPLAINANT NEVER CAME BACK TO 887 WASHINGTON BLVD BEAUMONT TEXAS 77705 TO RETRIEVE ANY BELONGINGS MARCH 29, 2012, AS HAD BEEN ADMITTED BY COMPLAINANT MAY 22, 2013 AT TRIAL.
COMPLAINANT ALSO ADMITTED HE NEVER SAW EVANS TAKE AWAY ANY OF HIS BELONGINGS MARCH 29, 2012.
OFFICER VAUGHN NEVER OBTAINED A WARRANT TO SEARCH OR PROCESS ANY EVIDENCE FROM THE ALLEGED CRIME SENE AT 887 WASHINGTON BLVD MARCH 29, 2012, SO THERE WAS NO BLOOD SPATTER ON COMPLAINANT OR DNA EVIDENCE AT 887 WASHINGTON BLVD MARCH 30, 2012;

(6)

OFFICER VAUGHN ALSO DID NOT FRISK EVANS BECAUSE EVANS WILLINGLY EMPTIED ALL HIS POCKETS WHEN OFFICER VAUGHN ARRESTED EVANS AND WINSTON ON AN OUTSTANDING WARRANT'S LATER THAT SAME DAY (MARCH 29, 2012).

MY TRIAL WAS UNFAIR AND MY APPEAL COUNSEL AS WELL; VERY INEFFECTIVE BECAUSE HE EVEN STATE THE WRONG ARREST DATES IN EVANS APPEAL BRIEF'S AND STATEMENT OF FACTS SAYING EVANS WAS ARRESTED BY OFFICER VAUGHN MARCH 30, 2012, WHEN THE APPEAL COUNSEL IS THE ONE THAT FILED (EXHIBIT NO. 2 TO APPELLANT'S MOTION FOR NEW TRIAL, A B.P.D. CALL-OUT SHEET WHICH SHOWS COMPLAINANT WAS ALREADY ALLEGING "THEFT" AGAINST APPELLANT ON MARCH 23, 2012, AND WAS CONTINUALLY COMPLAINING TO B.P.D. BEFORE MARCH 30, 2012, APPEARS AT CLERK'S RECORD, I:126.)

MY TRIAL WAS UNFAIR AND MY COUNSEL ASWELL AS MY APPEAL COUNSEL WAS VERY INEFFECTIVE BECAUSE "ISSUE NO. V. THE APPEAL COUNSEL STATED IN APPELLANT'S APPEAL BRIEF'S THE TRIAL COURT ABUSED ITS DISCRETION BY NOT GRANTING AN EVIDENTIARY HEARING ON APPELLANT'S MOTION FOR NEW TRIAL WHERE EXHIBITS ATTACHED TO THE MOTION INDICATED THAT THE COMPLAINANT HAD CALLED IN SEVERAL COMPLAINTS FROM MARCH 23, 2012 THROUGH MARCH 29, 2012, TO THE BEAUMONT POLICE DEPARTMENT TRYING TO GET THE APPELLANT IN TROUBLE, AND NONE OF THESE WERE DISCLOSED TO TRIAL COUNSEL AT ANYTIME.

MY ASSISTANCE APPEAL COUNSEL JACK LAWRENCE IS VERY INEFFECTIVE COUNSEL BECAUSE HE ONLY NOW MENTION MARCH 23, 2012 AND MARCH 29, 2012 WITHOUT A MARCH 30, 2012 BECAUS HE ALSO KNOW THAT I WAS INCARCERATED MARCH 29, 2012 AND HE IS VERY INEFFECTIVE COUNSEL TO NOT STATE MARCH 29, 2012 APPELLANT WAS INCARCERATED BEFORE MARCH 30, 2012. THEREFORE, BOBBY DEWAYNE EVANS HAS BEEN FALSELY CHARGED! BY THE STATE OF TEXAS IN THE INDICTMENT CAUSE NO. 12-14438 FOR AGGRAVATED ROBBERY UNDER TEXAS PENAL CODE SEC. 29.03 FOR AN OFFENSE HE IS FALSELY ACCUSED BY THE STATE OF TEXAS MARCH 30, 2012. "MY TRIAL WAS UNFAIR AND MY COUNSEL'S WAS VERY INEFFECTIVE ASSISTANCE COUNSEL'S....

AT TRIAL MAY 22, 2013, IT TURNED OUT THAT OFFICER VAUGHN HAD MADE A VIDEOTAPE OF HIS QUESTIONING OF EVANS AND WINSTON ABOUT WHAT HAD HAPPENED BEFORE EVANS AND WINSTON ARREST BY OFFICER VAUGHN MARCH 29, 2012 (RR, III:107). MAY 22, 2013. AND EVEN THOUGH MARCH 29, 2012, AS A RESULT OF ASSISTANCE COUNSEL MR. GAYLIN COOPER'S DEFENSE OBJECTION TO THE STATE OFFERING MID-TRIAL EVANS AND WINSTON'S UN-MIRANDA-IZED ORAL STATEMENTS TO OFFICER VAUGHN MARCH 29, 2012, AND (2) MOTIONS TO SUPPRESS SUCH STATEMENTS BEING ON FILE MARCH 29, 2012, AND A JACKSON V. DENNO HEARING BEING HELD MAY 22, 2013 (RR, III:93-110), MAY 22, 2013 NO FINDINGS WERE THEN MADE BY THE COURT IN CAUSE NO. 12-14438 MAY 22, 2013, EVEN THOUGH THE STATE SUBSEQUENTLY CALLED OFFICER VAUGHN AS A REBUTTAL WITNESS AFTER THE ASSISTENCE COUNSEL GAYLIN COOPER DEFENSE RESTED MAY 22, 2013 AND OFFICER VAUGHN TESTIFIED AT FULL LENGTH ABOUT EVANS AND WINSTON ORAL STATEMENTS TO OFFICER VAUGHN MARCH 29, 2012 ARREST WITH BOBBY DEWAYNE EVANS AND PENZALLA I. WINSTON WARRANTS MARCH 29, 2012. ALSO, EVEN THOUGH ▬▬▬ ASSISTANCE COUNSEL GAYLYN COOPER REQUESTED A COPY OF THE VIDEOTAPE FOR MARCH 29, 2012 ARREST THAT OFFICER VAUGHN TESTIFIED ABOUT (RR, III:107) MAY 22, 2013 WHEN, IN THE MIDST OF TRIAL MAY 22, 2013, OFFICER VAUGHN LEARNED IT EXISTED MAY 22, 2013, IT WAS NEVER PROVIDED TO HIM MAY 22, 2013, AS REQUIRED UNDER BRADY-KYLES (INFRA) DISCOVERY AND DISCOVERY AND DISCLOSURE RULES.

ASSISTENCE APPEAL COUNSEL JACK LAWRENCE HENCE, OUR POSITION THAT IF ANYONE WAS ROBBED IN CAUSE NO. 12-14438 MARCH 29, 2012, BOBBY DEWAYNE EVANS WAS ROBBED OF A FAIR TRIAL MAY 22, 2013. HERE IN MARCH 29, 2012, A BROADER STATEMENT OF SPECIFIC FACTS MAY 22, 2013 READY-REFERENCED STATEMENT OF FACTS APPEARS IN THE TEXT OF THIS BRIEF OF TRUTH WHERE MOST APPROPRIATE MARCH 29, 2012, AND MUCH OF WHICH IS FOUND AT MAY 22, 2013.

MY TRIAL WAYS UNFAIR AND MY ASSISTANCE COUNSEL'S WAS VERY INEFFECTIVE TO BOBBY DEWAYNE EVANS CAUSE NO. 12-14438. AMEN.

# ANALYSIS

ON APPEAL, THE TRIAL COURT COUNSEL CONTENDS THAT THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE CONVICTION OF THE ACCUSED. THE TRIAL COURT COUNSEL'S ALSO ARGUES THAT SOME EVIDENCE WAS WITHHELD FROM HIM (RR, III:112, LINES 3 & 25 AND THAT OTHER EVIDENCE SHOULD HAVE BEEN SUPPRESSED AT TRIAL. HE FURTHER ARGUES THAT HE WAS UNFAIRLY PREJUDICED BY THE STATE'S AND COURT IMPROPER CLOSING ARGUMENT AND THAT THE COURT ERRED BY DENYING HIS MOTION FOR NEW TRIAL.

## I. SUFFICIENCY OF THE EVIDENCE

THE TRIAL COURT COUNSEL'S FIRST TWO ISSUES CHALLENGE THE LEGAL SUFFICIENCY OF THE EVIDENCE TO SUPPORT THE ACCUSED CONVICTION. THE TRIAL COURT COUNSEL'S FIRST ARGUES THAT EVANS AND WINSTON WERE CREDIBLE WITNESSES - BUT ROBINSON WAS NOT - AND THAT THE EVIDENCE IS INSUFFICIENT WHEN VIEWED IN THE LIGHT MOST FAVORABLE TO THE DEFENSE COUNSEL'S THEORY OF THE CASE. THE TRIAL COURT COUNSEL'S ALSO ARGUES THAT THERE IS NO EVIDENCE OF A COMPLETED THEFT (RR, III: 57, l. 20, 24).

WHEN EVALUATING THE LEGAL SUFFICIENCY OF THE EVIDENCE, THE COURT VIEW THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE VERDICT AND DETERMINE WHETHER ANY RATIONAL TRIER OF FACT COULD HAVE FOUND THE ESSENTIAL ELEMENTS OF THE OFFENSE BEYOND A REASONABLE DOUBT. JACK V. VIRGINA, 443 U.S. 307, 319, 99 S. CT. 2781, 2789 (1979); CARRIZALES V. STATE, 414 S.W. 3d 737, 742 (TEX. CRIM. APP. 2013). THE STANDARD IS THE SAME FOR BOTH DIRECT AND CIRCUMSTANTIAL EVIDENCE CASES. SEE CARRIZALES, 414 S.W. 3d AT 742; KING V. STATE, 895 S.W. 2d 701, 703 (TEX. CRIM. APP. 1995). THE COURT DO NOT RESOLVE ANY CONFLICT OF FACT, WEIGH ANY EVIDENCE, OR EVALUATE THE CREDIBILITY OF ANY WITNESSES, AS THIS IS THE FUNCTION OF THE TRIER OF FACT. SEE ADAMES V. STATE, 353 S.W. 3d 854, 860 (TEX. CRIM. APP. 2011); WILEY V. STATE, 388 S.W. 3d 807, 813 (TEX. APP. — HOUSTON [1ST DIST.] 2012, PET. REF'D).

A PERSON COMMITS AGGRAVATED ROBBERY IF HE COMMITS ROBBERY AND CAUSES SERIOUS BODILY INJURY TO ANOTHER PERSON, USES OR EXHIBITS A DEADLY WEAPON, OR CAUSES OR THREATENS IMMINENT BODILY INJURY TO A PERSON WHO IS 65 YEARS OF AGE OR OLDER OR DISABLED. TEX. PENAL CODE § 29.03. A PERSON COMMITS ROBBERY IF "IN THE COURSE OF COMMITTING THEFT" WITH INTENT TO OBTAIN OR MAINTAIN CONTROL OF THE PROPERTY." INTENTIONALLY, KNOWINGLY, OR RECKLESSLY CAUSES BODILY INJURY TO ANOTHER" OR KNOWINGLY THREATENS OR PLACES ANOTHER IN FEAR OF IMMINENT BODILY INJURY OR DEATH." Id. § 29.02; SEE Id. § 31.03 (A) (THEFT); Id. § 31.03 (B)(1)( UNLAWFUL APPROPRIATION).

## A. CREDIBILITY OF THE WITNESSES

ON APPEAL, THE COURT CONSIDER THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE FACT FINDER'S DECISION. THE TRIAL COURT COUNSEL'S CASE WAS TRIED BEFORE A JURY THAT WAS TASKED WITH ASSESSING THE CREDIBILITY OF THE WITNESSES AND DETERMINING ALL ISSUES OF FACT, INCLUDING RESOLVING INCONSISTENCIES IN THE TESTIMONY. THE TRIAL COURT COUNSEL'S ARGUES THAT THE ACCUSED AND WINSTON WERE CREDIBLE AND THAT WHEN THE ACCUSED AND WINSTON TESTIMONY IS VIEWED IN A POSITIVE LIGHT (RR, III: 131). (RR, III: 131), l. 21-22). AND ROBINSON'S TESTIMONY IS REJECTED - (RR, III: 76, l. 19 - P. 77) THERE IS INSUFFICIENT EVIDENCE TO SUPPORT THE JURY'S VERDICT. THE JURY, HOWEVER, WAS FREE TO DRAW ITS OWN CONCLUSIONS ABOUT THE WITNESSES' CREDIBILITY. THE VERDICT REFLECTS THE JURY'S IMPLICIT CONCLUSION THAT ROBINSON WAS CREDIBLE AND THE CONTRARY TESTIMONY OFFERED BY THE ACCUSED AND WINSTON WAS NOT. IN ANY CASE, THE CREDIBILITY DETERMINATION IS PURELY THE PROVINCE OF THE JURY, AND IT MAY NOT BE SECOND-GUESSED ON APPEAL. SEE ADAMES, 353 S.W. 3d AT 860; WILEY, 388 S.W. 3d AT 813.

## B. LACK OF EVIDENCE OF A COMPLETED THEFT

THE TRIAL COURT COUNSEL'S ALSO ARGUES THAT THE LACK OF EVIDENCE OF A COMPLETED THEFT RENDERS THE EVIDENCE IN SUPPORT OF THE ACCUSED CONVICTION INSUFFICIENT(S). THIS IS INCORRECT. FOR THE PURPOSE OF ROBBERY, "IN THE COURSE OF COMMITTING THEFT" MEANS "CONDUCT THAT OCCURS IN AN ATTEMPT TO COMMIT, DURING THE COMMISSION, OR IN IMMEDIATE FLIGHT AFTER THE ATTEMPT OR COMMISSION OF THEFT." TEX. PENAL CODE § 29.01(1). THE COURT IS NOT REQUIRED TO SHOW "A COMPLETED THEFT" IN ORDER TO "ESTABLISH THE UNDERLYING OFFENSE OF ROBBERY." BUSTAMANTE V. STATE, 106 S.W. 3d 738, 740 (TEX. CRIM. APP. 2003).

ROBINSON AT (RR, III: 57, l. 12, TESTIFIED DESCRIBES A WALLET, CLOTHES, SHOES, CREDENTIALS, AND HAT THAT HE INITIALLY ALLEGES THAT THE ACCUSED HAD TAKEN FROM HIM, — BUT ONLY BECAUSE WALLET, CLOTHES, SHOES, CREDENTIALS, AND HAT WERE STILL IN THE ACCUSED HOUSE OF LIVING WHEN ROBINSON LEFT ACCUSED HOUSE. WHEN ASKED WHAT BECAME OF HIS WALLET, ROBINSON SAID THAT THE ACCUSED "JUST BUSTED IT OFF THE COUNTER" (RR, III: 78, l. 20) DURING THEIR PURPORTED FRACAS, AND AGAIN ADMITTED THAT ALL OF HIS MATERIAL BELONGINGS JUST STAYED IN THE ACCUSED HOUSE WHERE ROBINSON LEFT HIS BELONGINGS BEHIND ON HIS OWN CHOICE (RR, III: 78). ROBINSON FREELY ADMITTED HE NEVER SAW THE ACCUSED TAKE HIS WALLET OR ANY MONEY FROM HIS WALLET MARCH 30, 2012 ON TESTIMONY, EVEN THOUGH HE SEEMINGLY WANTED TO

(9)

(10)

BELIEVE THAT THE ACCUSE WANTED TO OR ~~SHE~~ COULD HAVE. THIS IS UNCONTROVERTED (RR, III: PASSIM) SAID THE TRIAL COURT COUNSEL'S.

THE COURSE OF COMMITTING THEFT. SEE TEX. PENAL CODE § 29.01-03; Id. § 31.03. ACCORDINGLY, THE COURT HOLD THAT THE EVIDENCE WAS LEGALLY SUFFICIENT TO SUPPORT THE JURY'S VERDICT, AND ~~████████~~ THIS IS INEFFECTIVE COUNSEL(S) FOR THE ACCUSED FROM THE ACCUSED TRIAL COURT COUNSEL'S.

## II. MOTION TO SUPPRESS

THE TRIAL COURT COUNSEL'S MOVED TO SUPPRESSION EVIDENCE OF CERTAIN STATEMENTS THAT THE ACCUSED MADE TO OFFICER VAUGHN PRIOR TO THE ACCUSED AND WINSTON ARREST (MARCH 29, 2012) BY OFFICER VAUGHN. THE SUPPRESSION HEARING WAS HELD MID-TRIAL AND OUTSIDE THE PRESENCE OF THE JURY. HOWEVER, THE COURT CONCLUDED THE HEARING WITHOUT RULING ON THE MOTION. ~~████████~~ JACKSON V. DENNO, 378 U.S. 368, 84 S. CT. 1774, 12 L. Ed. 2d 908 (1964)

THE TRIAL COURT COUNSEL'S RAISES SEVERAL ISSUES RELATED TO HIS MOTION TO SUPPRESS.

DURING THE SUPPRESSION HEARING, OFFICER VAUGHN TESTIFIED ABOUT THE (DATE: MARCH 29, 2012) THAT HE DID NOT WARN THE ACCUSED OR WINSTON OF THEIR MIRANDA RIGHTS. OFFICER VAUGHN SAID ANOTHER OFFICER WERE PRESENT, AND ONE OF THEM HAD MADE A VIDEO AND AUDIO TAPE(S) AS WELL AS DATA-BASED INFORMATION THAT OFFICER VAUGHN EXPLAINED HE TURNED INTO THE BEAUMONT INVESTIGATING AGENCY DESCRIBED AT (RR, III: 107, 1.7-108, 1.17.

OFFICER VAUGHN TESTIFIED THAT ACCUSED AND WINSTON SPOKE TO HIM FOR INVESTIGATION. (RR III: 183, 1.19-P.188, THE ACCUSED WAS NOT MIRANDA-IZED BY OFFICER VAUGHN (RR, III: 100, 1.18-P.20.), SAID OFFICER VAUGHN DURING THE SUPPRESSION HEARING, AND THE ACCUSED AND WINSTON ALSO WAS NOT GIVEN TEX. C.C.P., ARTICLE 38.22 WARNINGS BY OFFICER VAUGHN (MARCH 29, 2012), OR TOLD THAT THEY WERE BEING RECORDED BEFORE GETTING ARRESTED (MARCH 29, 2012) BY OFFICER VAUGHN.

(MARCH 29, 2012) EVANS WAS ARRESTED BY OFFICER VAUGHN AS WELL AS WINSTON, EVANS ON A WARRANT FROM A MARIHUANA CHARGE, — WINSTON ON AN OUTSTANDING CITY TRAFFIC WARRANT (RR, III: 128, 1.18-19).

OFFICER VAUGHN EXPLAIN DURING HIS INVESTIGATION (MARCH 29, 2012), EVANS AND WINSTON TOLD HIM THAT ROBINSON CAUSED INFLICTED INJURIES TO HIMSELF AND SAID ROBINSON STATED HE WOULD TELL THE POLICE THE ACCUSED DID THE CRIME. DURING THE SUPPRESSION HEARING, OFFICER VAUGHN TESTIFIED THAT THE ACCUSED AND WINSTON WOULD HAVE BELIEVE THEY WERE FREE TO LEAVE OR NOT TO ANSWER QUESTIONS; WHILE HE CHECKED FOR OUTSTANDING WARRANTS, AS HE ORDINARILY DO WHEN SPEAKING TO

WITNESSES DURING AN INVESTIGATION ON CRIME. OFFICER VAUGHN ACKNOWLEDGED THAT "ANY REASONABLE PERSON COULD PROBABLY BE INTIMIDATED BY TWO POLICE OFFICERS STANDING THERE WITH THEIR IDENTIFICATION CARDS IN HIS POSSESSION." DURING THE SUPPRESSION HEARING WHEN THE TRIAL COURT COUNSEL'S ASKED OFFICER VAUGHN IF HE SPOKE TO THE ACCUSED AND WINSTON IN A CONVERSATIONAL MANNER, HE SAID, "I WOULD HAVE TO GO BACK AND LISTEN TO MY VIDEO AND AUDIO TAPE(S) RR, III: 107, 1.7-108, 1.17.). (III: 183, 1.19-P.188).

DURING THE SUPPRESSION HEARING

## A. FAILURE TO RULE ON MOTION TO SUPPRESS

IN ISSUE NINE, THE TRIAL COURT COUNSEL ARGUES THAT THE COURT ERRED BY ADMITTING OFFICER VAUGHN'S REBUTTAL TESTIMONY WITHOUT RULING ON THE MOTION TO SUPPRESS. IN PARTICULAR, THE TRIAL COURT COUNSEL CONTENDS THAT THE TESTIMONY THAT SHOULD HAVE BEEN SUPPRESSED PRIMARILY CONCERNED ORAL STATEMENTS TO OFFICER VAUGHN THAT ROBERTSON HAD INFLICTED INJURIES ON HIMSELF.

TRIAL COURT COUNSEL DID NOT OBJECT TO THE COURT'S FAILURE TO RULE ON THE MOTION TO SUPPRESS, NOR DID HE REURGE THE MOTION OR OTHERWISE OBJECT WHEN OFFICER VAUGHN TESTIFIED DURING THE STATE'S REBUTTAL CASE. IN ADDITION, SOME OF THE TESTIMONY CHALLENGED ON APPEAL WAS SOLICITED BY DEFENSE COUNSEL ON CROSS-EXAMINATION. FOR THOSE REASONS, THE COURT HOLD THIS ISSUE WAS WAIVED. SEE TEX. R. APP. P. 33.1; LEDAY V. STATE, 983 S.W. 2d 713, 718 (TEX. CRIM. APP. 1998).

## B. ADMISSION OF STATEMENTS ELICITED BY POLICE OFFICER'S QUESTIONS

THE SAME LOGIC APPLIES TO ISSUES TEN AN ELEVEN. IN ISSUE TEN, THE TRIAL COURT COUNSEL ARGUES THAT HIS STATEMENTS TO OFFICER VAUGHN SHOULD HAVE BEEN SUPPRESSED BECAUSE THEY WERE THE PRODUCT OF INTERROGATION CONDUCTED WITHOUT THE WARNINGS REQUIRED BY MIRANDA V. ARIZONA, 384 U.S. 436, 86 S. Ct. 1602 (1966), AND THE CODE OF CRIMINAL PROCEDURE. ARTICLE 38.22 PROHIBITS THE USE OF AN ORAL STATEMENT OF AN ACCUSED MADE AS A RESULT OF CUSTODIAL INTERROGATION UNLESS THE STATEMENT IS MADE VOLUNTARILY, AFTER THE ACCUSED IS INFORMED OF HIS RIGHTS, AND IS ELECTRONICALLY RECORDED. TEX. CODE CRIM. PROC. ART. 38.22 § 3. IN ADDITION, A COPY OF THE RECORDING MUST BE PRESERVED TO THE ACCUSED'S TRIAL COURT COUNSEL AT LEAST 20 DAYS BEFORE TRIAL. Id.

IN ISSUE ELEVEN, TRIAL COURT COUNSEL ARGUES THAT THE ADMISSION OF OFFICER VAUGHN'S TESTIMONY VIOLATED EVANS RIGHTS UNDER ARTICLE 38.22 BECAUSE THE STATE DID NOT PROVIDE THE TRIAL COURT COUNSEL WITH A COPY OF EVANS RECORDED STATEMENT PRIOR TO TRIAL. TRIAL COURT COUNSEL FURTHER CONTENDS THAT THE COURT THEREFORE ERRED BY ADMITTING OFFICER VAUGHN'S TESTIMONY WITHOUT RULING ON THE MOTION TO SUPPRESS.

AS I EXPLAINED WITH RESPECT TO ISSUE NINE, THERE WAS NO OBJECTION TO THE REBUTTAL TESTIMONY, NO OBJECTION TO THE TRIAL COURTS REFUSAL TO RULE, AND SOME OF THE CHALLENGED TESTIMONY WAS SOLICITED ON

CROSS-EXAMINATION BY TRIAL COUNSEL. FOR THE SAME REASONS THAT THE COURT CONCLUDED ISSUE NINE WAS WAIVED, ALSO CONCLUDED THAT ISSUES TEN AND ELEVEN WERE WAIVED. SEE TEX. R. APP. P. 33.1; LEDAY, 983 S.W. 2d AT 718.

## C. ADMISSION OF STATEMENTS ELICITED BY POLICE OFFICER'S QUESTIONS

IN ISSUES TWELVE AND THIRTEEN, TRIAL COURT COUNSEL ARGUES THAT THE COURT ERRED BY FAILING TO ENTER FINDINGS OF FACT ON THE SUPPRESSION HEARING AND SPECIFIC FINDINGS ON WHETHER EVANS STATEMENTS WERE VOLUNTARY. ON THE TRIAL COURT COUNSEL MOTION, THE COURT ABATED THE APPEAL SO THAT THE TRIAL COURT COULD ENTER FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO THE MOTION TO SUPPRESS. THE TRIAL COURT FOUND THAT AFTER THE SUPPRESSION HEARING, THE STATE WITHDREW ITS PROFFER OF OFFICER VAUGHN'S TESTIMONY. THEN TRIAL COURT COUNSEL MADE NO FURTHER OBJECTIONS WHEN OFFICER VAUGHN LATER WAS PRESENTED AS A REBUTTAL WITNESS. THE TRIAL COURT COUNSEL CONCLUDED THAT BECAUSE THE COURT MADE NO RULING ON THE MOTION TO SUPPRESS, NO FINDINGS OF FACT OR CONCLUSIONS OF LAW WERE REQUIRED.

THE RECORD SUPPORTS THE TRIAL COURT'S CONCLUSION. BECAUSE THERE WAS NO RULING ON THE MOTION TO SUPPRESS, THE TRIAL COURT WAS NOT OBLIGATED TO MAKE THE FINDINGS OF FACT AND CONCLUSIONS OF LAW THAT WOULD HAVE BEEN REQUIRED HAD SUCH A RULING BEEN MADE. SEE STATE V. MENDOZA, 365 S.W. 3d 666, 669-70 (TEX. CRIM. APP. 2012) (AFTER COURT RULES ON MOTION TO SUPPRESS, LOSING PARTY MAY REQUIRE THE TRIAL JUDGE TO MAKE EXPLICIT HISTORICAL FINDINGS OF FACT); STATE V. CULLEN, 195 S.W. 3d 696, 699 (TEX. CRIM. APP. 2006) (TRIAL COURT MUST MAKE FINDINGS OF FACT UPON WHICH COURT OF APPEALS MAY REVIEW ITS RULING ON A MOTION TO SUPPRESS); C.F. LEZA V. STATE, 351 S.W. 3d 344, 353 (TEX. CRIM. APP. 2011) (HOLDING THAT THE TRIAL COURT WAIVED ARTICLE 38.22 ARGUMENT BY FAILING TO PRESENT IT TO THE COURT FOR RULING).

ISSUES TWELVE AND THIRTEEN ARE ENEFFECTIVE FROM THE TRIAL COUNSEL'S.

## III. UNDISCLOSED EVIDENCE

IN ISSUES THREE AND FOUR THE TRIAL COURT COUNSEL CHALLENGES THE STATE'S FAILURE TO DISCLOSE (1) A VIDEO RECORDING OF STATEMENTS MADE TO OFFICER VAUGHN MARCH 29, 2012 AND

(2) A "CALL-OUT SHEET" MARCH 29, 2012 FROM THE BEAUMONT POLICE DEPARTMENT. THE TRIAL COURT COUNSEL ARGUES THAT THE STATE'S FAILURE TO DISCLOSE AND PROVIDE THIS INFORMATION VIOLATED BOTH THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DUE COURSE OF LAW CLAUSE IN ARTICLE I, SECTION 19 OF THE TEXAS CONSTITUTION. HOWEVER, THE TRIAL COURT COUNSEL HAS NOT PROVIDED ARGUMENT OR AUTHORITY CONCERNING THE PROTECTION PROVIDED BY THE TEXAS CONSTITUTION OR HOW THAT PROTECTION DIFFERS FROM THE PROTECTION PROVIDED BY THE UNITED STATES CONSTITUTION, "STATE AND FEDERAL CONSTITUTIONAL CLAIMS SHOULD BE ARGUED IN SEPARATE GROUNDS, WITH SEPARATE SUBSTANTIVE ANALYSES OR ARGUMENT PROVIDED FOR EACH GROUND." MUNIZ V. STATE, 851 S.W. 2d 238, 251-52 (TEX. CRIM. APP. 1993) (CITING HEITMAN V. STATE, 815 S.W. 2d 681, 690-91 N. 23 (TEX. CRIM. APP. 1991); AVILEZ V. STATE, 333 S.W. 3d 661, 669 N. 3 (TEX. APP. — HOUSTON [1ST DIST.] 2010, PET. REF'd). I THEREFORE CONFINE MY ANALYSIS TO THE TRIAL COURT COUNSEL'S FEDERAL CONSTITUTIONAL ARGUMENTS.

"A PROSECUTOR HAS AN AFFIRMATIVE DUTY TO TURN OVER MATERIAL TO THE TRIAL COURT COUNSEL, FAVORABLE EVIDENCE TO THE TRIAL COURT COUNSEL DEFENSE." LITTLE V. STATE, 991 S.W. 2d 864, 866 (TEX. CRIM. APP. 1999). "THE SUPPRESSION BY THE PROSECUTION OF EVIDENCE FAVORABLE TO THE TRIAL COURT COUNSEL UPON REQUEST VIOLATES DUE PROCESS WHERE THE EVIDENCE IS MATERIAL EITHER TO GUILT OR TO PUNISHMENT, IRRESPECTIVE OF THE GOOD FAITH OR BAD FAITH OF THE TRIAL COURT COUNSEL CASE." BRADY V. MARYLAND, 373 U.S. 83, 87, 83 S. CT. 1194, 1196-97 (1963); SEE ALSO U.S. V. BAGLEY, 473 U.S. 667, 678, 105 S. CT. 3375, 3381 (1985) (SUPPRESSION OF EXCULPATORY OR IMPEACHMENT EVIDENCE "AMOUNTS TO A CONSTITUTIONAL VIOLATION ONLY IF IT DEPRIVES THE TRIAL COURT COUNSEL OF A FAIR TRIAL.").

THE WITHHOLDING OR SUPPRESSION OF EVIDENCE IS REVERSIBLE ONLY IF THE TRIAL COURT COUNSEL SHOWS THAT (1) THE STATE FAILED TO DISCLOSE EVIDENCE TO THE TRIAL COURT COUNSEL, REGARDLESS OF THE PROSECUTION'S GOOD OR BAD FAITH TO AN ACCUSED; (2) THE WITHHELD EVIDENCE IS FAVORABLE TO THE TRIAL COURT

COUNSEL TO USE AS TESTIMONY; AND (3) THE EVIDENCE IS MATERIAL TO THE TRIAL COURT COUNSEL, MEANING THAT THERE IS A REASONABLE PROBABILITY THAT HAD THE EVIDENCE BEEN DISCLOSED THE OUTCOME OR THE TRIAL COURT COUNSEL WOULD HAVE BEEN DIFFERENT IN TRIAL. PENA V. STATE, 353 S.W. 3d 797, 809 (TEX. CRIM. APP. 2011) (CITING HAMPTON V. STATE, 86 S.W. 3d 603, 612 (TEX. CRIM. APP. 2002); HIGGENBOTHAM V. STATE, 416 S.W. 3d 921, 924 (TEX. APP. — HOUSTON [1ST DIST.] 2013, NO PET.).

THE MATERIALITY PRONG INCLUDES A "REQUIREMENT THAT THE DEFENDANT MUST BE PREJUDICED BY THE COURT FAILURE TO DISCLOSE THE FAVORABLE EVIDENCE TO THE TRIAL COURT COUNSEL." HARM V. STATE, 183 S.W. 3d 403, 406 (TEX. CRIM. APP. 2006). THE TRIAL COURT COUNSEL BEARS THE BURDEN TO SHOW MATERIALITY, WHICH IN THIS CASE MEANS THAT THE WITHHOLDING OF THE EVIDENCE "UNDERMINES CONFIDENCE IN THE OUTCOME OF THE WHOLE TRIAL." BAGLEY, 473 U.S. AT 678, 105 S.CT. AT 3381; SEE HAMPTON, 86 S.W. 3d AT 612 (BURDEN OF PROOF). "USUALLY, A DETERMINATION CONCERNING THE MATERIALITY PRONG OF BRADY INVOLVES BALANCING THE STRENGTH OF THE EXCULPATORY EVIDENCE AGAINST THE TRIAL COURT COUNSEL EVIDENCE SUPPORTING CONVICTION." HAMPTON, 86 S.W. 3d AT 613.
THIS IS INEFFECTIVE COUNSEL.

## A. VIDEO RECORDING

THE TRIAL COURT COUNSEL'S CONTENDS THAT THE COURT'S FAILURE TO DISCLOSE A VIDEO RECORDING OF STATEMENTS THE ACCUSED MADE TO OFFICER VAUGHN (MARCH 30, 2012) VIOLATED THE ACCUSED CONSTITUTIONAL RIGHTS. THE TRIAL COURT COUNSEL'S FAILURE TO EXPLAIN (MARCH 29, 2012) THAT THE ACCUSED AND WINSTON WAS "ARRESTED" BY OFFICER VAUGHN AND VIDEO RECORDING BY THE POLICE IS (MARCH 29, 2012).

THIS IS INEFFECTIVE COUNSEL TO ARGUE (MARCH 30, 2012) TO AN ARREST AND AUDIO OR VIDEO RECORDING'S OF THE ACCUSE AND WINSTON WHEN THE TWO WERE PLACED IN THE JEFFERSON COUNTY JAIL (MARCH 29, 2012), APPEARS AT CLERK'S RECORD, I:126.) IN BEAUMONT, TEXAS.

THIS IS INEFFECTIVE COUNSEL.
THE STATE ARGUES THAT THERE IS NO SUCH VIDEO — RECORDINGS (MARCH 30, 2012). BECAUSE THEY KNOW THAT THE ACCUSED AND WINSTON WAS ARRESTED

(MARCH 29, 2012), AND PLACED IN JEFFERSON COUNTY JAIL (MARCH 29, 2012) BY ARRESTING OFFICER VAUGHN. THIS IS **INEFFECTIVE** COUNSEL.

APPEARS AT CLERK'S RECORD, I:126.) IN BEAUMONT TX. THE TRIAL COURT COUNSEL'S ARGUE (MARCH 30, 2012) THE STATE'S WILL CONTINUE TO CONFIRM NOTHING IN THE RECORD CONFIRMS THAT SUCH A RECORDING EVER EXISTED (MARCH 30, 2012).

THIS IS **INEFFECTIVE** COUNSEL.

WHICH IS TRUE BECAUSE THE CORRECT DATE OF OFFICER VAUGHN ARREST WITH VIDEORECORDING IS (MARCH 29, 2012).

THIS IS **INEFFECTIVE** COUNSEL.

OFFICER VAUGHN'S TESTIMONY WAS EQUIVOCAL: WHEN THE TRIAL COURT ASKED IF HE SPOKE TO THE ACCUSED AND WINSTON IN A CONVERSATIONAL MANNER, HE SAID, "I WOULD HAVE TO GO BACK AND LOOK AND LISTEN TO MY VIDEO."

HE ALSO STATED ANOTHER POLICE THAT WERE WITH THE ACCUSED AND WINSTON (MARCH 29, 2012) MADE THE RECORDINGS (MARCH 29, 2012).

THIS IS **INEFFECTIVE** COUNSEL.

THE STATE WOULD HAVE NO DUTY TO DISCLOSE EVIDENCE THAT DOES NOT EXIST. SEE PENA, 353 S.W. 3d AT 810.

THIS IS **INEFFECTIVE** COUNSEL.

EVEN IF A RECORDING EXISTED AT SOME TIME (MARCH 29, 2012), THE TRIAL COURT COUNSEL'S STILL HAS A BURDEN TO SHOW THAT SUCH EVIDENCE WAS MATERIAL (MAY 22, 2013.).

THE TRIAL COURT COUNSEL'S ASSUMES THAT THE VIDEO-RECORDINGS WAS "HIGHLY MATERIAL," BUT THE TRIAL COURT COUNSEL'S MAKES NO ARGUMENT AND DIRECTS THE COURT TO NO EVIDENCE ABOUT (MARCH 30, 2012) THAT WOULD SUPPORT SUCH A CONCLUSION. SEE TEX.R. APP.P. 38.1 (I).

ALTHOUGH THE TRIAL COURT COUNSEL'S ARGUES THAT WINSTON'S STATEMENTS MIGHT HAVE BEEN ADMISSIBLE, EXCULPATORY EVIDENCE, THE "MERE POSSIBILITY THAT AN ITEM OF UNDISCLOSED INFORMATION MIGHT HAVE HELPED THE DEFENSE, OR MIGHT HAVE AFFECTED THE OUTCOME OF THE TRIAL, DOES NOT ESTABLISH 'MATERIALITY' IN THE CONSTITUTIONAL SENSE." HAMPTON, 86 S.W. 3d AT 612.

FINALLY, EVEN WITH A SHOWING OF MATERIALITY, (MARCH 29, 2012), THE TRIAL COURT COUNSEL'S MUST SHOW THAT HE WAS PREJUDICED BY THE ALLEGED BRADY VIOLATION (MAY 22, 2013).

THIS IS **INEFFECTIVE** COUNSEL.

THE TRIAL COURT COUNSEL'S ■ WAS TOLD BY THE ACCUSED THAT (MARCH 29, 2012) IN WRITING BEFORE TRIAL HEARING THAT (MARCH 29, 2012) IS THE CORRECT DATE OFFICER VAUGHN ARRESTED THE ACCUSED AND WINSTON.

THIS IS **INEFFECTIVE** COUNSEL.

THE TRIAL COURT COUNSEL'S LEARNED OF THE POSSIBLE EXISTENCE OF A VIDEORECORDING DURING TRIAL (MAY 22, 2013)

THIS IS **INEFFECTIVE** COUNSEL.

ALTHOUGH THE COURT COUNSEL'S ASK OFFICER VAUGHN IF IT WAS POSSIBLE FOR HIM TO FIND OUT IF SUCH A VIDEO EXISTED (MAY 22, 2013) AT TRIAL, THE TRIAL COURT COUNSEL'S DID NOT SEEK A RECESS OR CONTINUANCE IN ORDER TO OBTAIN THE EVIDENCE OF OFFICER VAUGHN ARREST AND VIDEORECORDINGS FOR (MARCH 29, 2012).

THIS IS **INEFFECTIVE** COUNSEL.

WHEN THE EXISTENCE OF UNDISCLOSED BRADY MATERIAL IS FIRST DISCOVERED DURING TRIAL (MAY 22, 2013), THE TRIAL COURT COUNSEL'S MUST SEEK A CONTINUANCE TO OBTAIN THE THE EVIDENCE OR RISK WAIVER OF THE ISSUES BECAUSE "FAILURE TO REQUEST A CONTINUANCE (MAY 22, 2013) INDICATES THAT THE TARDY DISCLOSURE OF THE EVIDENCE WAS NOT PREJUDICAL." STATE V. FURY, 186 S.W. 3d 67, 73-74 (TEX. APP. — HOUSTON [1ST DIST.] 2005. PET. REF'D )( CITING DAVIS V. STATE, 992 S.W. 2d 8, 12 (TEX. APP. — HOUSTON [1ST DIST.] 1996, NO PET. )).

BECAUSE THE TRIAL COURT COUNSEL'S DID NOT SEEK A CONTINUANCE (MAY 22, 2013), THE COURT CONCLUDED THAT THE TARDY DISCLOSURE OF THE POSSIBLE EXISTENCE OF A VIDEORECORDING THAT WAS NOT SHOWN TO BE MATERIAL COULD NOT HAVE RESULTED IN PREJUDICE (MAY 22, 2013).

THIS IS **INEFFECTIVE** COUNSEL.

## B. CALL-OUT SHEET

THE TRIAL COURT COUNSEL'S MAKES SEVERAL REFERENCES TO THE "CALL-OUT" SHEET IN HIS BRIEF.

DESPITE THE FACT THAT ROBINSON IS NOT MENTIONED (MARCH 29, 2012), THE TRIAL COURT COUNSEL'S ASSERTS THAT THIS DOCUMENT IS INEFFECTIVE, WHICH WAS ATTACHED AS AN EXHIBIT TO HIS MOTION FOR NEW TRIAL (JULY 8, 2013) (CR, I:118), SHOWED (MARCH 23, 2012) TO (MARCH 29, 2012) THAT ROBINSON FREQUENTLY COMPLAINED ALLEGING "THEFT ON THE ACCUSED" TO THE BEAUMONT POLICE DEPARTMENT, INCLUDING A FALSE REPORT OF "AGRAVATED ROBBERY" (MARCH 29, 2012) APPEARS AT CLERK'S RECORD, I:126) IN BEAUMONT TEXAS.

THIS IS **INEFFECTIVE** COUNSEL.

TO FAIL TO ARGUE THE CORRECT ARREST DATE ACCUSED AND WINSTON BY OFFICER VAUGHN. (MARCH 29, 2012) (RR, III:128, 1.18-19.).

THIS IS **INEFFECTIVE** COUNSEL.

ON APPEAL, THE TRIAL COURT COUNSEL'S STATES THAT HE WAS NOT PROVIDED WITH THIS "CALL-OUT SHEET" DUE TO A LACK OF PREPARATION BY THE PROSECUTION.

THIS IS INEFFECTIVE COUNSEL.

THE TRIAL COURT COUNSEL'S ASSERTS THAT THE "CALL-OUT SHEET INDICATED THAT ROBINSON WAS "TRUMPING UP CHARGES TO GET THE ACCUSED IN TROUBLE" (ISSUE NO. Y.) AND THEREFORE HAD TO BE DISCLOSED AS EXCULPATORY EVIDENCE. UNFORTUNATELY, THE STATE'S APPELLATE BRIEF "FAILED" TO RESPOND TO THIS ASPECT OF THE TRIAL COURT COUNSEL'S ARGUMENT.

THIS IS INEFFECTIVE COUNSEL.

CONSIDERING THAT THE MOTION FOR NEW TRIAL AND ITS SUPPORTING MEMORANDUM FOCUSED ON THE ALLEGED VIDEORECORDING AND MADE NO REFERENCE TO THE "CALL-OUT" SHEET ON (MARCH 29, 2012), THIS ISSUE ARGUABLY HAS NOT BEEN PRESERVED.

SEE TEX. R. APP. P. 33.1, CF. PENA, 353 BRADY ARGUMENT, ISSUE HELD TO BE PRESERVED FOR APPEAL BECAUSE THE ISSUE "DOMINATED THE MOTION HEARING," DEMONSTRATING THAT THE TRIAL COURT AND THE STATE WERE BOTH AWARE OF THE PURPORTED "ERROR" ON THE ARREST DATE: WHICH IS (MARCH 29, 2013) BY OFFICER VAUGHN AND THAT MEAN THE INDICTED ACCUSED ON NO. 12-14438 FOR AGGRAVATED ROBBERY UNDER TEXAS PENAL CODE SEC. 29.03(MARCH 30, 2012) IS CIRCUMSTANTIAL EVIDENCE. AND IS WRONG FOR THE ACCUSED TO BE CHARGE WITH A CRIME BY THE STATE'S AND NOT AT 887 WASHINGTON BLVD ON (MARCH 30, 2012) BUT IS INCARCERATED AT SAID DATE THAT ALLEGED TO BE ACCUSED OF AGGRAVATED ROBBERY", APPEARS AT CLERK'S RECORD, I:126.) IN BEAUMONT TEXAS. THE ACCUSED AND WINSTON (MARCH 29, 2012) ARRESTED BY OFFICER VAUGHN (MARCH 29, 2012), A DAY BEFORE (MARCH 30, 2012) APPEARS AT CLERK'S RECORD, I:126.).

THIS IS INEFFECTIVE COUNSEL.

MOREOVER, THE TRIAL COURT COUNSEL'S APPELLATE BRIEF PRESENTS NO COGENT LEGAL ARGUMENT ABOUT THE MATERALITY OF THE "CALL-OUT" SHEET ON (MARCH 29, 2012), CORRECT ARREST DATE : BY OFFICER VAUGHN WOULD HAVE PROVED THE ACCUSED INNOCENCE BECAUSE THE ACCUSED AND WINSTON WAS IN JEFFERSON COUNTY JAIL (BEFORE MARCH 30, 2012), APPEARS AT CLERK'S RECORD, I:126.).

THIS IS INEFFECTIVE COUNSEL.

THE TRIAL COURT COUNSEL'S, INSTEAD, ONLY REFERRED AS GENERALLY TO ATTACHMENTS TO THE MOTION FOR

NEW TRIAL, WITHOUT APPROPRIATE CITATIONS TO THE RECORD. SEE TEX. R. APP. P. 38.1(I); HAMPTON, 86 S.W. 3d AT 612-13 (THIS IS INEFFECTIVE COUNSEL, THE TRIAL COURT COUNSEL'S MUST PROVE MATERIALITY OF WITHHELD EVIDENCE BY BALANCING THE STRENGTH OF THE EXCULPATORY EVIDENCE AGAINST THE EVIDENCE SUPPORTING ACCUSED CONVICTION).

IN LIGHT OF THESE FAILURES TO ADEQUATELY PRESENT (MARCH 29, 2012) ACCUSED AND WINSTON ARREST DATE: (MARCH 29, 2012) BY OFFICER VAUGHN IS INEFFECTIVE COUNSEL.,

AND ARGUE THE POINT TO (MARCH 30, 2012) THE ACCUSED WAS INDICTED (NO. 12-14438), FALSELY CHARGED AGGRAVATE ROBBERY (MARCH 30, 2012) UNDER TEXAS PENAL CODE SEC. 29.03 FOR AN OFFENSE THE STATE USED CIRCUMSTANTIAL EVIDENCE, CHANGED THE DATE OF THE ARREST OF THE ACCUSED AND MS. WINSTON (MARCH 29, 2012), ARREST TO (MARCH 30, 2012), APPEARS AT CLERK'S RECORD, I:126.).

THIS IS INEFFECTIVE COUNSEL.

IN THE TRIAL COURT, AND ON APPEAL, THE COURT HOLD THAT THE TRIAL COURT COUNSEL'S COMPLAINT ABOUT THE STATE'S FAILURE TO PRODUCE THE "CALL-OUT" SHEET (MARCH 29, 2012) — WHICH DOES NOT EVEN IDENTIFY ROBINSON AS BEING RESPONSIBLE FOR ANY CALLS MADE TO THE BEAUMONT POLICE (MARCH 30, 2012) BECAUSE ROBINSON STATED A PASSING BY LADY "CALLED" POLICE (MARCH 29, 2012) AND NOT HIM.

THIS IS INEFFECTIVE COUNSEL.

THE ACCUSED AND WINSTON WERE PLACED IN JEFFERSON COUNTY JAIL (MARCH 29, 2012).

(MARCH 30, 2012) IS A FALSE AGGRAVATED ROBBERY ARGUMENT BECAUSE JEFFERSON COUNTY JAIL WOULD PROVE THAT THE ACCUSED AND WINSTON WAS PLACED IN JAIL (MARCH 29, 2012) BY OFFICER VAUGHN, APPEARS AT CLERK'S RECORD, I:126.).

THIS IS INEFFECTIVE COUNSEL.

THE TRIAL COURT COUNSEL'S FAILURE TO ADEQUATELY PRESENT AND ARGUE THE POINT IN THE TRIAL OR ON APPEAL, THE COURT HOLD THAT THE TRIAL COURT COUNSEL'S COMPLAINT ABOUT THE STATE'S FAILURE TO PRODUCE THE "CALL-OUT" SHEET — WHICH DOES NOT EVEN IDENTIFY ROBINSON AS BEING RESPONSIBLE FOR ANY "CALLS" MADE TO THE BEAUMONT POLICE — HAS BEEN WAIVED. TEX. R. APP. P. 33.1 & 38.1 (I).

THIS IS INEFFECTIVE COUNSEL.

## IV. MOTION FOR NEW TRIAL

IN THE TRIAL COURT COUNSEL'S FIFTH ISSUE, THE TRIAL COURT COUNSEL'S ARGUES THAT THE TRIAL COURT ABUSED ITS DISCRETION BY NOT HOLDING AN EVIDENTIARY HEARING ON HIS MOTION FOR NEW TRIAL. KING V. STATE, 29 S.W. 3d 556, 559 (TEX. CRIM. APP. 2000).

THE COURT REVIEW A TRIAL COURT'S DENIAL OF A HEARING ON A MOTION FOR NEW TRIAL FOR AN ABUSE OF DISCRETION, (RR, II: 103, LINES 18-19). CITING STANSBURY V. CALIFORNIA, 511 U.S. 318, 114 S. CT. 1526, 128 L. Ed. 2d 293 (1994), AND THE COURT WILL REVERSE ONLY IF THE TRIAL COURT DECISION WAS CLEARLY WRONG AND OUTSIDE THE ZONE OF REASONABLE DISAGREEMENT. SMITH V. STATE, 286 S.W. 3d 333, 339 (TEX. CRIM. APP. 2009).

THIS IS INEFFECTIVE COUNSEL.
THE PURPOSES OF A HEARING ON A MOTION FOR NEW TRIAL ARE (1) TO DETERMINE WHETHER THE CAUSE SHOULD BE RETRIED AND (2) TO PREPARE A RECORD THAT WOULD ENABLE THE DEFENSE TO PRESENT ISSUES ON APPEAL IF THE COURT DENIES THE MOTION. Id. AT 338. A

THIS IS INEFFECTIVE COUNSEL.
A CRIMINAL DEFENDANT DOES NOT HAVE AN "ABSOLUTE RIGHT" TO A HEARING ON HIS MOTION FOR NEW TRIAL. HOBBS V. STATE, 298 S.W. 3d 193, 199 (TEX. CRIM. APP. 2009).

THIS IS INEFFECTIVE COUNSEL.
FOR EXAMPLE, A HEARING IS NOT REQUIRED WHEN THE MATTERS RAISED IN THE MOTION FOR NEW TRIAL ARE SUBJECT TO BEING DETERMINED FROM THE RECORD. REYES V. STATE, 849 S.W. 2d 812, 816 (TEX. CRIM. APP. 1993).

THIS IS INEFFECTIVE COUNSEL.
WHEN THE GROUNDS IN THE MOTION ARE NOT ALREADY IN THE RECORD, (MARCH 29, 2012) THE ACCUSED WAS INCARCERATED (MARCH 29, 2012) HE AND MS. WINSTON BEFORE (MARCH 30, 2012), THE MOTION MUST BE SUPPRESSED BY AN AFFIDAVIT THAT SETS FORTH THE FACTUAL BASIS FOR THE CLAIM. SMITH, 286 S.W. 3d AT 339.

THIS IS INEFFECTIVE COUNSEL.
THIS AFFIDAVIT NEED NOT MAKE OUT A PRIMA FACIE CASE THAT THE MOVANT IS ENTITLED TO A NEW TRIAL, BUT IT MUST GIVE RISE TO REASONABLE GROUNDS IN SUPPORT OF THE CLAIM. Id. AS SUCH, "A TRIAL JUDGE ABUSES HIS DISCRETION IN FAILING TO HOLD A HEARING IF THE MOTION AND ACCOMPANYING AFFIDAVITS (1) RAISE MATTERS WHICH ARE NOT

DETERMINABLE FROM THE RECORD AND (2) ESTABLISH REASONABLE GROUNDS SHOWING THAT THE ACCUSED DEFENDANT COULD POTENTIALLY BE ENTITLED TO RELIEF." HOBBS, 298 S.W. 3d AT 199 (CITING SMITH 286 S.W. 3d AT 338-39).

THIS IS INEFFECTIVE COUNSEL.
THE TRIAL COURT COUNSEL'S NEVER EVER MENTION THE ACCUSED AND WINSTON WAS ARRESTED (MARCH 29, 2012) BY OFFICER VAUGHN (RR, III: 131, 1. 21-22). APPEARS AT CLERK'S RECORD, I: 126.) IN BEAUMONT TEXAS.

DURING THEIR TREK TO THE POLICE STATION, HE ON A WARRANT FROM A MARIHUANA CHARGE, (MARCH 29, 2012) NOT FOR NO AGGRAVATED ROBBERY, — SHE ON AN OUTSTANDING CITY TRAFFIC WARRANT (MARCH 29, 2012), APPEARS AT CLERK'S RECORD, I: 126.) IN BEAUMONT TEXAS.
DIST. CLERK: LOLITA RAMOS
1001 PEARL STREET STE. 203
BEAUMONT, TEXAS 77701.

IN THE TRIAL COURT COUNSEL'S MOTION FOR NEW TRIAL (STATE V. GOMZALEZ, 855 S.W. 2d 692, 696 (TEX. CRIM. APP. 1993), THE TRIAL COURT COUNSEL'S ARGUED THAT THE EVIDENCE WAS LEGALLY INSUFFICIENT (GARCIA V. STATE, 291 S.W. 3d 1. (TEX. APP. CORPUS CHRISTI 2008), THAT THE COURT HAD ERRED BY OVERRULING OBJECTIONS TO ROBINSON'S TESTIMONY WHICH WAS "LARGELY AND OBVIOUSLY SELF-SERVING IN NATURE," THAT THE STATE FAILED TO DISCLOSE THE ALLEGED VIDEORECORDING OF THE ACCUSED AND WINSTON CONVERSATION WITH OFFICER VAUGHN (RR, III: 100, 1. 18 - P. 20) AND THAT THE COURT LIKEWISE ERRED BY NOT ASSURING THAT THE VIDEORECORDING WAS AVAILABLE TO HIM.

THIS IS INEFFECTIVE COUNSEL.
ATTACHED TO THE MOTION FOR NEW TRIAL WAS AFFIDAVIT(S) FROM THE ACCUSED AND WINSTON IN WHICH SHE EXPRESSED IN THE ACCUSED INNOCENCE AND AN AFFIDAVIT FROM DEFENSE COUNSEL ATTACHING THE BEAUMONT POLICE DEPARTMENT "CALL-OUT" SHEET.

THIS IS INEFFECTIVE COUNSEL.
AS THE COURT HAVE OBSERVED, THE MOTION FOR NEW TRIAL DID NOT MENTION THE "CALL-OUT" SHEET, WHICH ITSELF DID NOT IDENTIFY ANY CALLER OR INDICATE THE RESOLUTION OF THE INCIDENTS. THE NATURE OF EACH INDICATED

(21)                                   (22)

CALL WAS DESCRIBED BRIEFLY AS "THEFT," "CHECK WELFARE," "NON-SPECIFIC DEATH OR ILLNESS," AND "SERVE WARRANT." THE TRIAL COURT COUNSEL'S MADE NO ARGUMENT ABOUT HOW THE "CALL-OUT" SHEET FROM THE BEAUMONT POLICE DEPARTMENT OR ANY OTHER NEWLY DISCOVERED EVIDENCE UNDERMINE THE EVIDENCE AT TRIAL (MAY 22, 2013) THAT SUPPORTED THE JURY'S VERDICT. THE TRIAL ~~COURT~~ COURT DENIED THE MOTION FOR NEW TRIAL WITHOUT A HEARING NOTING THAT THE MOTION RAISED "NO ISSUES OF FACT OR LAW" THAT WERE NOT "FULLY DEVELOPED IN THE RECORD OF THE CASE," AND THAT THE "ALLEGATIONS IN THE MOTION, EVEN IF TRUE, ARE INSUFFICIENT TO REQUIRE THE GRANTING OF A NEW TRIAL."

THIS IS INEFFECTIVE COUNSEL.

ON APPEAL, THE TRIAL COURT COUNSEL'S ASSERTS THAT THE STATE'S FAILURE TO DISCLOSE THE "CALL-OUT" SHEET WAS A BRADY VIOLATION BECAUSE IT WAS NEWLY ~~____~~ DISCOVERED EVIDENCE.

THE ARGUMENT THE TRIAL COURT COUNSEL'S MAKE ON APPEAL TO CHALLENGE THE DENIAL OF A HEARING — THAT THE "CALL-OUT" SHEET WAS NEWLY DISCOVERED BRADY MATERIAL THAT WOULD HAVE CAUSED A DIFFERENT RESULT AT TRIAL — DOES NOT COMPORT WITH THE ARGUMENTS MADE IN THE TRIAL COURT COUNSEL'S MOTION FOR NEW TRIAL.

THIS IS INEFFECTIVE COUNSEL.

ALTHOUGH THE TRIAL COURT COUNSEL'S ATTACHED THE "CALL-OUT" SHEET TO HIS MOTION FOR NEW TRIAL, THAT MOTION ~~ITSELF~~ DOES NOT MENTION THE "CALL-OUT" SHEET OR INFORM THE COURT OF AN ASSERTION OF NEWLY DISCOVERED EVIDENCE THAT MIGHT HAVE WARRANTED A HEARING.

THIS IS INEFFECTIVE COUNSEL.

AS SUCH, THE ARGUMENT ON APPEAL WAS NOT PRESERVED FOR THE ACCUSED APPELLATE REVIEW. SEE STERLING V. STATE, 800 S.W.2d 513, 521 (TEX. CRIM. APP. 1990)("THE TRIAL COURT COUNSEL'S OBJECTION AT TRIAL WHICH DIFFERS FROM THE COMPLAINT ON APPEAL PRESERVES NOTHING FOR REVIEW").

(23)

THIS IS INEFFECTIVE COUNSEL.

IN THE TRIAL COURT COUNSEL'S MOTION FOR NEW TRIAL, THE TRIAL COURT COUNSEL'S ARGUED THAT THE FAILURE OF THE PROSECUTOR TO DETERMINE IF A VIDEO-RECORDING HAD BEEN MADE AND TO PROVIDE THE TRIAL COURT COUNSEL'S WITH A COPY VIOLATED THE ACCUSED DUE PROCESS RIGHTS AND THE ACCUSED RIGHT TO PRETRIAL DISCLOSURE OF BRADY MATERIAL. IMPLICIT IN THIS ARGUMENT IS AN ASSERTION THAT THE VIDEORECORDING WOULD HAVE BEEN FAVORABLE TO THE ACCUSED AND MATERIAL TO GUILT OR PUNISHMENT, i.e.,

THIS IS INEFFECTIVE COUNSEL.

HAD IT BEEN DISCLOSED THE RESULT OF THE TRIAL WOULD HAVE BEEN DIFFERENT. SEE PENA, 353 S.W.3d AT 809; HIGGINBOTHAM, 416 S.W.3d AT 924.

THIS IS INEFFECTIVE COUNSEL.

IN THE TRIAL COURT COUNSEL'S MOTION, THE TRIAL COURT COUNSEL'S REFERRED TO OFFICER VAUGHN'S TESTIMONY THAT HE MIGHT HAVE MADE A VIDEORECORDING AND TO STATEMENTS FROM THE PROSECUTOR THAT HE HAD NEITHER KNOWLEDGE NOR POSSESSION OF SUCH A VIDEO.

THIS IS INEFFECTIVE COUNSEL.

ALTHOUGH NOT SET FORTH IN THE MOTION, THE RECORD SHOWS THAT IN RESPONSE TO QUESTIONS FROM THE TRIAL COURT, OFFICER VAUGHN TESTIFIED THAT THE INCIDENT OCCURRED MORE THAN A YEAR AGO IN MID-TRIAL, AND THAT HIS DEPARTMENT'S RETENTION POLICY REQUIRED RETENTION OF VIDEORECORDING.

THIS IS INEFFECTIVE COUNSEL.

IN A "MEMORANDUM SUPPORTING MOTION FOR NEW TRIAL," THE TRIAL COURT COUNSEL'S ARGUED THAT IF SUCH A VIDEORECORDING EXISTED (MARCH 30, 2012) AND SHOWED THE ACCUSED DEMEANOR SHORTLY AFTER THE ALLEGED AGGRAVATED ROBBERY, THE STATE WAS REQUIRED TO PROVIDE THE TRIAL COURT COUNSEL WITH A COPY OF IT.

THIS IS INEFFECTIVE COUNSEL.

THE TRIAL COURT COUNSEL'S ALSO ARGUED THAT IT SHOULD HAVE BEEN PROVIDED BECAUSE WINSTON "MIGHT HAVE BEEN" ADMISSIBLE AND

(24)

EXCULPATORY AND "COULD HAVE LED TO OTHER EVIDENCE" BECAUSE THE INCIDENT WAS MORE FRESH IN HER MIND.

THIS IS INEFFECTIVE COUNSEL.

THE TRIAL COURT COUNSEL'S MOTION AND THE AFFIDAVITS ATTACHED TO IT DO NOT ESTABLISH REASONABLE GROUNDS THAT THE ACCUSED COULD BE ENTITLED TO RELIEF, i.e.,

A NEW TRIAL BASED ON THE TRIAL COURT COUNSEL'S CLAIM THAT THE STATE WITHHELD BRADY MATERIAL.

ALTHOUGH THE ACCUSE WAS PRESENT FOR THE DISCUSSION CAPTURED ON ANY EXISTING RECORDING, THE CONCLUSORY STATEMENTS IN THE MOTION FOR NEW TRIAL DO NOT EXPLAIN HOW OR WHY ANY SUCH VIDEORECORDING COULD BE EXPECTED TO BE FAVORABLE TO THE ACCUSED OR COULD HAVE CHANGED THE OUTCOME OF THE TRIAL.

THIS IS INEFFECTIVE COUNSEL.

THE AFFIDAVITS ATTACHED TO THE MOTION FOR NEW TRIAL DO NOT MENTION THE VIDEORECORDING AT ALL. SEE SMITH, 286 S.W. 3d AT 339 (THIS IS INEFFECTIVE COUNSEL'S, AN AFFIDAVIT SETTING FORTH THE FACTUAL BASIS FOR A CLAIM IS A PREREQUISITE TO OBTAIN A HEARING ON A MOTION FOR NEW TRIAL.).

ACCORDINGLY, THE COURT HOLD THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY DENYING AN EVIDENTIARY HEARING ON THE GROUNDS STATED IN THE MOTION FOR NEW TRIAL. SEE Id.

THIS IS INEFFECTIVE COUNSEL.

(25)

# V. INEFFECTIVE ASSISTANCE: Counsel-Closing Argument

## A. DUTY OF PROSECUTOR: To PROVIDE DISCOVERABLE MATERIALS IN CUSTODY OF INVESTIGATIVE Arm OF STATE MAY 22, 2013.

"MY TRIAL WAS UNFAIR AND MY COUNSEL'S WAS VERY INEFFECTIVE TO EVER ARGUE MY CAUSE No. 12-14438 AT ANY POINT BECAUSE IN ISSUES SIX AND SEVEN MAY 22, 2013. THE ASSISTANCE COUNSEL'S ARGUES THAT THE COURT'S ERRED BY FAILING TO INSTRUCT THE JURY TO DISREGARD THE STATE'S COMMENT'S ABOUT REASONABLE DOUBT IN IT'S CLOSING ARGUMENT'S MAY 22, 2013. ALTHOUGH ASSISTANCE COUNSEL'S OBJECTION TO THE COMMENT WAS SUSTAINED MAY 22, 2013, THE ASSISTANCE COUNSEL'S ARGUES THE TRIAL COURT REFUSED TO INSTRUCT THE JUROR'S TO DISREGARD IT MAY 22, 2013.

"CONTESTED JURY ARGUMENT MUST BE EXTREME OR MANIFESTLY IMPROPER TO CONSTITUTE REVERSIBLE ERROR MAY 20-22, 2013 (?). BRYANT V. STATE, 340 S.W. 3d 1, 13 (TEX. APP. — HOUSTON [1st DIST.] 2010, PET. RET'd). "IN GENERAL MAY 22, 2013, PROPER JURY ARGUMENT ENCOMPASSES ONE OF THE FOLLOWING MAY 22, 2013: (1) SUMMATION OF THE EVIDENCE PRESENTED AT TRIAL MAY 22, 2013; (2) REASONABLE DEDUCTIONS FROM THAT EVIDENCE MARCH 29, 2012; (3) ANSWERS TO THE OPPOSING COUNSEL'S ARGUMENT'S MAY 22, 2013; AND (4) PLEAS FOR LAW ENFORCEMENT MARCH 29, 2012. Id. (CITING GUIDRY V. STATE, 9 S.W. 3d 133, 154 (TEX. CRIM. APP. 1999). THE STATE OF TEXAS CONSIDER THREE FACTORS WHEN ASSESSING THE IMPACT OF THE HARM ARISING FROM JURY-ARGUMENT MAY 22, 2013: (1) THE SEVERITY OF THE MISCONDUCT MAY 20-22, 2013 (THE MAGNITUDE OF THE PREJUDICIAL EFFECT OF THE PROSECUTOR'S REMARKS MAY 22, 2013); (2) THE MEASURES ADOPTED TO CURE THE MISCONDUCT MAY 20-22, 2013 (THE EFFICACY OF ANY CAUTIONARY INSTRUCTION BY THE JUDGE MAY 20, 22, 2013); AND (3) THE CERTAINTY OF CONVICTION JUNE 17, 2013 ABSENT THE MISCONDUCT MAY 20-22, 2013 (THE STRENGTH OF THE EVIDENCE SUPPORTING THE CONVICTION MAY 20-22, 2013). BERRY V. STATE, 233 S.W. 3d 847, 858-59 (TEX. CRIM. APP. 2007).

AFTER THE CLOSING OF EVIDENCE (MARCH 29, 2012), THE ASSISTANCE COUNSEL'S HAD THE FIRST OPPORTUNITY TO DELIVER CLOSING REMARKS TO THE JURORS BECAUSE THE STATE WAIVED ITS RIGHT TO SPEAK MAY 20-22, 2013. DEFENSE ASSISTANCE COUNSEL GAYLYN COOPER ARGUED THAT WHAT HAPPENED TO COMPLAINANT MAY HAVE BEEN AN ASSAULT BUT WAS NOT A ROBBERY MARCH 30, 2012 BECAUSE THE "ACCUSED EVANS" MERELY KNOCKED THE COMPLAINANT WALLET TO THE FLOOR AND COMPLAIN-

(26)

-ANT NEVER RETURNED MARCH 30, 2012 TO THE "ACCUSED EVANS" HOUSE AT (887 WASHINGTON BLVD) TO COLLECT HIS BELONGINGS (MARCH 29, 2012 OR MARCH 30, 2012).

THE ASSISTANCE DEFENSE COUNSEL GAYLYN COOPER ALSO ARGUED THAT THE STATE OF TEXAS DID NOT PROFFER TESTIMONY FROM OTHER OFFICER WHOM EVANS AND WINSTON SPOKE WITH MARCH 29, 2012 BEFORE ARRESTED BY OFFICER VAUGHN MARCH 29, 2012 AT 5:43 Pm.). OR THE DEPUTY MARCH 23, 2012 THAT WAS CALLED TO 887 WASHINGTON BLVD AT MID-NIGHT 12:40 Am. BY COMPLAINANT ABOUT "THEFT" AND ASSAULT MARCH 23, 2012 MID-NIGHT). NOR THE EMS-TECHNICIANS MARCH 29, 2012 WHOM RESPONDED TO THE (911) CALL WHOM SAID COMPLAINANT A PASSING LADY CALLED FOR HIM (MARCH 29, 2012) OR THE DETECTIVE'S WHO TOOK STATEMENTS FROM THE "ACCUSED EVANS AND WINSTON" AFTER THE INCIDENT (MARCH 29, 2012) ASKING WHAT HAPPENED AT "THE ACCUSED EVANS HOUSE AT 887 WASHINGTON BLVD BEAUMONT TEXAS 77705 MARCH 29, 2012 AT 5:20 Pm.

THE ASSISTANCE DEFENSE COUNSEL GAYLYN COOPER URGED THE JURRORS TO RETURN A VERDICT OF NOT GUILTY SAID THE STATE OF TEXAS, BY SAYING MAY 22, 2013:

You SAID MORE WAS BETTER BUT You GOT LESS AND WITH THAT LESS MARCH 29, 2012, THE STATE OF TEXAS IS GOING TO ASK You TO FIND THE "ACCUSED EVANS" GUILTY BEYOND A REASONABLE DOUBT FOR MAY 20-22, 2013. WELL, ERASE YOUR DOUBT FOR MARCH 29, 2012. INSTEAD, BRING THOSE PEOPLE IN THE COURTROOM FROM MARCH 29, 2012.

LET THEM TESTIFY ABOUT MARCH 29, 2012, LET THEM BE SUBJECT TO CROSS-EXAMINATION MAY 22, 2013.

. . . .

THE ASSISTANCE DEFENSE COUNSEL GAYLYN COOPER CONTINUED MAY 22, 2013: LADIES AND GENTLEMEN OF THE JURRORS, I'M SORRY MAY 20-22, 2013. ████████████ HIS RESPONSE TO THE PROSECUTOR'S IS THAT I'M SORRY THIS DID NOT OCCURE MARCH 30, 2012. BECAUSE THE EVIDENCE OF A WEAPON SIMPLY IS NOT THERE EITHER MARCH 29, 2012 OR MARCH 30, 2012. ACCUSED BOBBY DEWAYNE EVANS MAY BE A DEMON MAY 20-22, 2013. HE MAY BE A LOT OF THINGS IN LIFE MAY 22, 2013 BUT HE DID NOT COMMIT AGGRAVATED ROBBERY WITH A WEAPON (MARCH 29, 2012 NOR MARCH 30, 2012

THE ACCUSED BOBBY DEWAYNE EVANS IN CAUSE No. 12-14438 HE'S NOT GUILTY.

THANK You VERY MUCH MAY 20-22, 2013.

(27)

THE STATE OF TEXAS ADDRESSED THE JURRORS LAST MAY 20, 22, 2013, ARGUING ABOUT THE THE INCONSISTENCIES IN OR IMPLAUSIBILITY OF THE TESTIMONY OF THE ACCUSED EVANS AND WINSTON (MARCH 29, 2012 ARREST BY OFFICER VAUGHN) (MAY 20-22, 2013.).

APPEARS AT THE BEAUMONT COUNTY CLERK'S RECORD, I:126.)

THE STATE OF TEXAS ALSO RESPONDED TO THE ASSISTANCE DEFENSE COUNSEL'S ARGUMENT THAT WHAT HAPPENED TO COMPLAINANT MAY HAVE BEEN AN ASSAULT BUT WAS NOT ROBBERY MARCH 29, 2012 + MARCH 30, 2012).

THE STATE OF TEXAS CONTINUED: THE ASSISTANCE DEFENSE COUNSEL'S WANTS YOU TO THINK THERE IS NO "THEFT" MARCH 29, 2012 OR MARCH 30, 2012). DON'T BE MISLED MAY 20-22, 2013. I'VE NEVER SEEN A ASSISTANCE DEFENSE COUNSEL ATTORNEY COME INTO COURT AND TELL THE STATE OF TEXAS MAY 20-22, 2013, YEAH MARCH 29, 2012, THERE IS ENOUGH EVIDENCE MARCH 29, 2012 OR MARCH 30, 2012. FIND THE "ACCUSED EVANS" GUILTY MAY 20-22, 2013. THERE JOB IS TO BRING UP REASONABLE DOUBT FOR MARCH 29, 2012.

THE STATE OF TEXAS COUNSEL "BOBBY ORTEGO" ARGUMENT. TO THE JURRORS MAY 22, 2013.

THE ASSISTANCE DEFENSE COUNSEL'S OBJECTED TO THIS STATEMENT MAY 22, 2013, SAYING MAY 22, 2013: ASSISTANCE DEFENSE COUNSEL GAYLYN COOPER "THAT IS NOT WHAT WE'RE ETHICALLY BOUND TO DO MAY 20-22, 2013."

THE TRIAL COURT SUSTAINED THE OBJECTION MAY 22, 2013 AND TOLD THE JURRORS: THE ASSISTANCE DEFENSE COUNSEL'S "THERE JOB IS TO REPRESENT "THEIR CLIENT" WITH ZEAL" MAY 22, 2013.

THE TRIAL COURT "JOHN B. STEVENS" REFUSED TO INSTRUCT THE JURRORS SPECIFICALLY TO DISREGARD THE STATEMENT'S MAY 22, 2013, BUT THE STATE OF TEXAS STATED: "IT SAID IN OPEN COURT IN THE PRESENCE OF THE JURRORS MAY 22, 2013": "THEY'VE BEEN INSTRUCTED MAY 22, 2013... THAT THE FINAL ARGUMENTS DO NOT CONSTITUTE EVIDENCE MARCH 29, 2012, AND I TRUST THE JURRORS UNDERSTANDS THAT AND WILL FOLLOW THAT INSTRUCTION THE TRIAL COURT "JOHN B. STEVENS" ARGUES MAY 22, 2013."

THE ASSISTANCE DEFENSE COUNSEL'S ARGUES THAT THE STATE OF TEXAS "BOBBY ORTEGO" ARGUMENTS WAS IMPROPER BECAUSE MAY 22, 2013 IT SUGGESTED TO THE JURROR'S THAT THE ASSISTANCE DEFENSE COUNSEL'S HAD THE BURDEN OF PROOF TO SHOW A REASONABLE DOUBT MARCH 29, 2012 + MARCH 30, 2012)." MAY 22, 2013."

IN DETERMINING WHETHER AN ARGUMENT WAS IMPROPER MAY 20-23, 2013, THE STATE OF TEXAS CONSIDER THE CONTEXT OF THE STATEMENT. SEE GADDIS V. STATE, 753 S.W. 2d 396, 398 (TEX. CRIM. APP. 1988). THE STATE OF TEXAS "BOBBY ORTEGO" COMMENTS THAT ASSISTANCE DEFENSE COUNSEL'S JOB IS TO BRING UP REASONABLE DOUBT MAY 20-22, 2013 IN TRIAL" IS SUSCEPTIBLE "A PANEL CONSESTS OF JUSTICES MASSENGALE, BROWN, AND HUDDLE." MICHAEL MASSENGALE JUSTICE.... OF MORE THAN ONE MEANING MARCH 29, 2012 OFFICER VAUGHN'S ARREST DATE AT 5:43 PM. EVANS AND WINSTON FOR OUTSTANDING WARRANTS." NOT AGGRAVATED ROBBERY FOR MARCH 30, 2012. APPEARS AT CLERK'S RECORD, I:126).

MY TRIAL WAS UNFAIR AND MY DEFENSE ASSISTANCE COUNSEL'S WAS VERY INEFFECTIVE IN BOBBY DEWAYNE EVANS CASE CAUSE NO. 12-14438.

THE ASSISTANCE DEFENSE COUNSEL'S ARGUES THAT IT WAS AN ATTEMPT TO PERSUADE THE JURRORS THAT ASSISTANCE DEFENSE COUNSEL'S GAYLYN COOPER HAD THE BURDEN OF PROOF TO SHOW REASONABLE DOUBT MAY 20-22, 2013. IN CONTEXT MARCH 29, 2012 + MARCH 30, 2012)

HOWEVER, MAY 22, 2013, IT ALSO COULD BE A RESPONSE TO THE ASSISTANCE DEFENSE COUNSEL'S CLOSING ARGUMENTS MAY 22, 2013 —— TO POINT OUT OR "BRING UP" IN IT'S CLOSING ARGUMENT POSSIBLE AREAS FOR REASONABLE DOUBT (MARCH 29, 2012) OFFICER VAUGHN ARRESTING "ACCUSED EVANS AND MS. WINSTON" ONE FULL DAY BEFORE MARCH 30, 2012, (APPEARS AT THE CLERK'S RECORD I:126.) IN JEFFERSON COUNTY BEAUMONT TEXAS.

AS SUCH, MARCH 23, 2012, THE RESPONSE WOULD BE A RESPONSE TO ASSISTANCE DEFENSE COUNSEL'S ARGUMENTS AND A PROPER SUBJECT OF CLOSING ARGUMENT MAY 22, 2013. BRYANT, 340 S.W. 3d AT 13; GUIDRY, 9 S.W. 3d AT 154.

MY TRIAL WAS UNFAIR AND MY DEFENSE COUNSEL WAS VERY INEFFECTIVE MAY 20-22, 2013. BECAUSE THE ASSISTANCE DEFENSE COUNSEL GAYLYN COOPER EVEN TO THE EXTENT THE COMMENT COULD HAVE BEEN UNDERSTOOD DIFFERENTLY (MARCH 29, 2012), AS SUGGESTED BY THE ASSISTANCE DEFENSE COUNSEL GAYLYN COOPER MAY 22, 2013,

MY TRIAL WAS UNFAIR AND MY ASSISTANCE COUNSEL'S WERE VERY INEFFECTIVE BECAUSE GAYLYN COOPER STILL HAS NOT SHOWN THAT HE WAS HARMED MAY 22, 2013. FIRST, MAY 20-22, 2013, THE PREJUDICIAL EFFECT OF THE REMARK'S WAS LIMITED SAYS "MICHAEL MASSENGALE, JUSTICE" MARCH 31, 2015.

(28)          (29)

BECAUSE THE PROSECUTOR'S DID NOT ACTUALLY STATE THAT THE ASSISTANCE DEFENSE COUNSEL GAYLYN COOPER HAD THE BURDEN OF PROOF AS TO REASONABLE DOUBT MAY 22, 2013, AND IT WAS AN ISOLATED INSTANCE IN TRIAL MAY 22, 2013 ON CAUSE NO. 12-14438.

SECOND, MARCH 29, 2012, THE STATED BASES FOR THE OBJECTION'S WAS THAT THE STATE OF TEXAS "BOBBY ORTEGO" COMMENTS DID NOT ACCURATELY REPRESENT "WHAT WE'RE ETHICALLY BOUND TO DO MAY 22, 2013: STATEMENT BY "MICHAEL MASSENGALE, JUSTICE." MARCH 31, 2015. ALTHOUGH THE TRIAL COURT ▩▩▩▩▩▩▩ "JUDGE STEVENS" DID NOT SPECIFICALLY INSTRUCT THE JURRORS TO DISREGARD THE STATE OF TEXAS "BOBBY ORTEG" STATEMENTS AND OFFICER VAUGHN MARCH 29, 2012 ARRESTING THE ACCUSED EVANS AND WINSTON BEFORE MARCH 30, 2012). ON OUTSTANDING WARRANTS TESTIFIED OFFICER VAUGHN MAY 22, 2013, THE TRIAL COURT "JOHN B. STEVENS" DID GIVE AN EXPLANATORY INSTRUCTION BY INFORMING THE JURRORS OF THE ASSISTANCE DEFENSE COUNSEL GAYLYN COOPER EITHICAL DUTY TO "REPRESENT "THEIR" CLIENT WITH "ZEAL" MAY 22, 2013."

THE TRIAL COURT "JOHN B. STEVENS" ALSO REMINDED THE JURROR'S THAT THE ARGUMENTS OF COUNSEL'S "BOBBY ORTEGO AND GAYLYN COOPER" ARE NOT EVIDENCE IN THE ACCUSED EVANS COUNSEL'S DEFENSE AND THAT IT WAS REQUIRED TO FOLLOW THE PREVIOUSLY GIVEN INSTRUCTIONS TO AVOID MARCH 29, 2012 BY "JUDGE JOHN. B. STEVENS" MAY 22, 2013.

THE COURTS JOHN B. STEVENS" CHARGED THE ACCUSED BOBBY DEWAYNE EVANS CAUSE NO. 12-14438 OF AGGRAVATED ROBBERY IN THE ACCUSED ON RESIDENCE AT (887 WASHINGTON BLVD BEAUMONT TEXAS 77705 UNDER TEXAS PENAL CODE SEC. 29.03 FOR AN OFFENSE ALLEGEDLY COMMITTED ON MARCH 30, 2012.

WHICH WAS READ TO THE JURRORS IN A "DIFFERENT LIGHT" BEFORE CLOSING ARGUMENTS AND GIVEN TO THE JURROR'S TO TAKE INTO "THEIR" DELIBERATION MAY 20-22, 2013, INCLUDED THE FOLLOWING INSTRUCTIONS MAY 22, 2013?     PRESUMPTION

THE PRESUMPTION OF INNOCENCE ALONE IS SUFFICIENT TO AQUIT THE DEFENDANT BOBBY DEWAYNE EVANS UNLESS THE JURORS ARE SATISFIED BEYOND A REASONABLE DOUBT MARCH 29, 2012 OF THE DEFENDANT'S GUILT AFTER CAREFUL AND IMPARTIAL CONSIDERATION

OF ALL THE EVIDENCE IN THE CASE AND CAUSE NO. 12-14438. THE ▩▩▩ PROSECUTION HAS THE BURDEN OF PROVEN THE DEFENDANT BOBBY DEWAYNE EVANS GUILTY AND IT MUST DO SO BY PROVING EACH AND EVERY ELEMENT OF THE OFFENSE CHARGED BEYOND A REASONABLE DOUBT AND IF IT FAILS TO DO SO MAY 22, 2013, YOU MUST AQUIT THE ACCUSED DEFENDANT BOBBY DEWAYNE EVANS IN CAUSE NO. 12-14438. IT IS NOT REQUIRED THAT THE PROSECUTION PROVE GUILT BEYOND ALL POSSIBLE DOUBT MAY 22, 2013. IT IS REQUIRED THAT THE PROSECUTION'S PROOF "EXCLUDES" ALL REASONABLE DOUBT CONCERNING THE DEFENDANTS GUILT MARCH 30, 2012.

YOU MUST BE BOUND BY AND STRICTLY FOLLOW THE LAW CONTAINED IN THIS FALSE CHARGE MARCH 29, 2012 + MARCH 30, 2012 AS WELL AS MAY 20-22, 2013. "WHICH IS ALL FALSE ARRESTS BY OFFICER VAUGHN MARCH 29, 2012. 5:43 PM. BEAUMONT TEXAS...

THIRD, MAY 22, 2013, THE EVIDENCE SUPPORTING THE ACCUSED CONVICTION IN THIS CASE AND CAUSE NO. 12-14438 WAS STRONG BASED ON MARCH 29, 2012:

COMPLAINANT AND OFFICER VAUGHN TESTIFIED TO THE ESSENTIAL ELEMENTS AS WELL AS THE ACCUSED EVANS AND MS. WINSTON OF THE CRIME MARCH 29, 2012 AT 5:43 PM. (APPEARS AT THE CLERK'S RECORD, I: 126.). BEAUMONT TX, AND PHOTOGRAPHS AND HOSPITAL EMS RECORD DATE OF PICKING UP COMPLAINAT MARCH 29, 2012 AND WILL SHOW MARCH 29, 2012 TALKING WITH OFFICER VAUGHN AS WELL. THOUGH EVANS AND WINSTON AGREE THAT OFFICER VAUGHN, COMPLAINANT AND THE STATE OF TEXAS FALSELY ACCUSES BOBBY DEWAYNE EVANS CAUSE NO. 12-14438 (MARCH 30, 2012) EVEN THOUGH I WAS ALREADY INCARCERATED BEFORE MARCH 30 2012 IN JEFFERSON COUNTY JAIL MARCH 29, 2012). APPEARS AT CLERK'S RECORD, I: 126).

IN BEAUMONT TEXAS. THE STATE OF TEXAS FALSELY ACCUSE EVANS MARCH 30, 2012, HIS TESTIMONY AND THEORY OF THE CASE MAY 22, 2013 WAS THAT THE COMPLAINANT INJURIES WERE SELF-INFLICTED MARCH 29, 2012) AND (MARCH 30, 2012) IN THE JEFFERSON COUNTY JAIL HOUSE SERVING TIME ON AN OUTSTANDING MARIHUANA CHARGE THAT BECAME A WARRANT MARCH 29, 2012.

OFFICER VAUGHN DETAINED EVANS AND WINSTON BOTH FOR OUTSTANDING WARRANTS MARCH 29, 2012. (APPEARS AT CLERK'S RECORD, I: 126.).

(30)          (31)

THE JURORS WAS ABLE TO ASSES THE CREDIBILITY OF MARCH 29, 2012 ARRESTED STATEMENTS FROM OFFICER VAUGHN OF THE WITNESSES BASED ON THEIR TRIAL TESTIMONY ABOUT MARCH 29, 2012) APPEARS AT CLERK'S RECORD, I:126.).

TESTIFIED ABOUT (MARCH 29, 2012) MAY 22, 2013 AND IT WAS ALSO ABLE TO CONSIDER WHAT HAPPENED MARCH 29, 2012 WITH THE EMS TECHNICIANS DOCUMENTARY EVIDENCE OF THE COMPLAINANT FOR MARCH 29, 2012 WHEN THE COMPLAINANT ACCUSED "EVANS" OF "THEFT" OF $300 DOLLARS TO OFFICER VAUGHN AND EMS TECHNICIANS (MARCH 29, 2012). APPEARS AT CLERK'S RECORD, I:126).

PRESENT THE DATES FROM EMS TECHNICIANS ON THE RECORD MAY 22, 2013, MY TRIAL WAS UNFAIR AND MY ASSISTANCE COUNSEL GAYLYN COOPER FAILURE TO STATE THE DATES OF THE EMS TECHNICIANS ARRIVAL'S FOR THE RECORD AND TRIAL IS VERY INEFFECTIVE COUNSEL ASSISTANCE.

THE ASSISTANCE DEFENSE COUNSEL GAYLYN COOPER HAS NOT SHOWN THAT HE WAS HARMED BY ANY ~~IMPROPRIETY~~ IMPROPRIETY IN THE PROSECUTOR'S CLOSING ARGUMENT MAY 22, 2013.

B. CREDIBILITY OF ~~DEFENS COUNSEL~~ WITNESSES      DEFENSE?

"MY TRIAL WAS UNFAIR AND MY ASSISTANCE DEFENSE COUNSEL WAS VERY INEFFECTIVE BECAUSE IN ISSUE EIGHT, ASSISTANCE DEFENSE COUNSEL'S ARGUES THAT THE ACCUSED FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO A FAIR TRIAL WAS VIOLATED BY THE CUMULATIVE EFFECT OF THE STATE OF TEXAS'S ARGUMENT'S REGARDING THE CREDIBILITY OF THE ASSISTANCE DEFENSE COUNSEL'S WITNESSES MAY 22, 2013 AND ITS COMMENT ABOUT REASONABLE DOUBT (MARCH 29, 2012) ARREST BY OFFICER VAUGHN EMS TECHNICIANS, AND EVANS AND WINSTON PLACED IN JAIL BEFORE MARCH 30, 2012 BY OFFICER VAUGHN: APPEARS AT CLERICS RECORD, I:126), THE ASSISTANCE DEFENSE COUNSEL GAYLYN COOPER DID NOT OBJECT TO ANY PORTION OF THE STATE OF TEXAS CLOSING ARGUMENT PERTAINING TO CREDIBILITY OF THE WITNESSES MARCH 29, 2012, NOR DID HE OBJECT TO ANY SUGGESTION THAT THE STATE OF TEXAS "BOBBY ORTEGO" SUGGESTION THAT ACCUSED EVANS AND WINSTON WERE NOT TRUTHFUL MAY 22, 2013. ASIDE FROM THE STATE OF TEXAS "BOBBY ORTEGO" STATEMENT OF

(32)

ISSUE EIGHT MAY 22, 2013, THE ASSISTANCE DEFENSE COUNSEL GAYLYN COOPER MAKES NO SUBSTANTIVE ARGUMENT PERTAINING TO THIS ISSUE EITHER "THE ACCUSED MARCH 29, 2012" WAS ALREADY INCARCERATED BEFORE MARCH 30, 2012 ...

"A ASSISTANCE DEFENSE COUNSEL GAYLYN COOPER AS THE COURT'S RECORD WILL ALSO SHOW HIS FAILURE TO OBJECT TO A JURORS ARGUMENT OR A ASSISTANCE DEFENSE FAILURE TO PURSUE TO AN ADVERSE RULING HIS OBJECTION TO A JURORS ARGUMENT FORFEITS HIS CLIENTS RIGHT TO COMPLAIN ABOUT THE ARGUMENTS ON APPEAL MAY 22, 2013." COCKRELL V. STATE, 933 S.W. 2d 73, 89 (TEX. CRIM. APP. 1996); SEE TEX. R. APP. P. 33.1 (a).

MY TRIAL WAS UNFAIR AND MY DEFENSE COUNSEL'S WERE VERY INEFFECTIVE MAY 22, 2013 BECAUSE A ASSISTANCE DEFENSE COUNSEL ALSO WAIVES HIS RIGHT TO COMPLAIN OR ERRORS ON APPEAL IF HIS TRIAL OBJECTION DOES NOT COMPORT WITH HIS APPELLATE BOBBY DEWAYNE EVANS ISSUES. CURIEL V. STATE, 243 S.W. 3d 10, 19 (TEX. APP. — HOUSTON [1ST DIST.] 2007, PET. REF'd).

MY TRIAL WAS UNFAIR MAY 20-22, 2013 AND MY DEFENSE COUNSEL GAYLYN COOPER WAS VERY INEFFECTIVE ASSISTANCE COUNSEL IN BOBBY DEWAYNE EVANS DEFENSE IN CAUSE NO. 12-14438.

(33)

## Conclusion And Prayer

For all of the above reasons, Bobby Dewayne Evans, Appellant, respectfully prays that the Honorable Court of Appeals reverse the trial court's judgment, and remand for a new trial. Appellant further prays that this Court know "my trial was unfair and my counsel's was very ineffective counsel in cause No. 12-14438 because the assistance defense counsel was not prepared and told me he had the videotapes or audiotapes made in the investigation and pushed Appellant Bobby Dewayne Evans to trial without arguing the void indictment before the grand jury like he also said that he would. My assistance counsel's: Gaylyn Cooper SBN #04779700, for Appellant Bobby Dewayne Evans May 20-22, 2013 trial was ineffective counsel in Appellant's trial May 20-22, 2013. As well as the appeals counsel, Jack Lawrence SBOT #12043800 because Appellant Bobby Dewayne Evans asked him to file for ineffective assistance counsel the first time Appellant Bobby Dewayne Evans saw him in Jefferson County Jail and Appeals Counsel, Jack Lawrence did not in this case. Alternatively, Appellant Respectfully Prays that the appeal be abated and the case remanded for appropriate relief.

Respectfully Submitted,

_Bobby D. Evans_
Bobby D. Evans
Appellate Dendant
Stiles Unit
3060 F.M. Road 3514
Beaumont, Texas 77705
TDCJ #05669758,

(34)